Benet, Demandante y Apelado, *v.* Hernández, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre indemnización, incidente sobre embargo.

No. 1200.—Resuelto en abril 17, 1915.

Márshal—Embargo para Asegurar la Efectividad de la Sentencia—Bienes Radicados Fuera del Distrito—Facultades del Márshal.—Un márshal, por virtud de una orden de embargo para asegurar la efectividad de la sentencia, no tiene derecho alguno para embargar bienes que se encuentren radicados fuera de su propio distrito, porque sus facultades están limitadas por la ley relativa a su nombramiento al distrito judicial para el cual fué nombrado.

Id.—Distrito Judicial—Jurisdicción.—Habiendo un márshal para cada distrito judicial, no existe conflicto alguno en lo que respecta a la jurisdicción de cada uno de ellos.

Id.—Nulidad de Embargo—Distrito Judicial.—Es nula la acción de un márshal embargando bienes del demandado en un distrito que no es el suyo.

Id.—Notificaciones o Diligencias—Su Nulidad—Renuncias.—Una diligencia o notificación que es nula por haber sido hecha por un márshal sin jurisdicción para ello puede ser impugnada en cualquier fecha, y el mero silencio o inacción por parte del demandado no implica que haya renunciado a sus derechos.

Anotación de Embargo—Embargo Hecho por un Márshal sin Jurisdicción—Deber del Registrador.—Aun cuando la orden por virtud de la cual se decreta un embargo sea válida, si la acción del márshal es nula por haber actuado sin jurisdicción, la anotación de ese embargo en el registro de la propiedad debe ser denegada porque sería igualmente nula.

Los hechos están expresados en la opinión.

El apelante compareció por escrito en nombre propio.

El apelado compareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una apelación procedente de la Corte de Distrito de Mayagüez.

El demandante radicó una demanda ante la Corte de Distrito de Mayagüez en contra del demandado y mediante moción solicitó a la vez que se dictara una orden para asegurar la efectividad de la sentencia. La corte accedió a la moción previa prestación por el demandante de la debida fianza y ordenó que el márshal embargara bienes suficientes

del demandado para asegurar la efectividad de la sentencia, expidiendo al efecto el secretario el correspondiente manda- miento de embargo al márshal.   Entonces el demandante pre- sentó un escrito al márshal informándole que el embargo de- bía trabarse sobre los siguientes bienes del demandado, radi- cados en el distrito municipal de Manatí, a saber:

"Rústica, denominada Sabana Seca, sita en el barrio de Coto del municipio de Manatí, compuesta de 179 cuerdas, según se des- cribe en la transcripción del récord.

"Rústica sin nombre situada en el barrio Coto del municipio de Manatí, compuesta de 100 cuerdas según se describe en la transcrip- ción del récord."

El márshal trabó embargo sobre dichas fincas y lo noti- ficó personalmente al demandado que reside en la ciudad de Mayagüez dentro de la jurisdicción de la corte de distrito. que dictó la orden de aseguramiento, habiendo también en- tregado el márshal al abogado del demandante los manda- mientos necesarios para ser anotados en el registro de la propiedad correspondiente.   El demandante presentó dichos documentos en el Registro de la Propiedad de Arecibo con el objeto de que fuera anotado el referido embargo.   El regis- trador así lo hizo, pero notando que existía un simple error de descripción en la finca; y toda vez que el márshal había devuelto el mandamiento debidamente diligenciado con la constancia de haberse verificado el embargo, el demandante pidió a la Corte de Distrito de Mayagüez que autorizara al márshal para corregir el error.   En 27 de marzo de 1913, la corte declaró con lugar la moción y dictó una orden auto- rizando al márshal para que librara al Registrador de la Propiedad de Arecibo el mandamiento en forma que fuere necesario, a fin de corregir el error que aparecía en la des- cripción de la finca embargada.   El márshal así lo hizo con los datos que le diera el demandante, subsanando este último el error en los libros del registro, quedando anotado el em- bargo sin defecto alguno.

En 7 de agosto, 1914, o sea diez y siete meses después

de haberse anotado el embargo y de ser notificada debidamente al demandado la orden dictada por la corte, el demandado registró una moción ante la corte de distrito solicitando que dicha corte dejara sin efecto el embargo trabado, fundándose en que el márshal de la Corte de Distrito de Mayagüez no tenia jurisdicción para embargar bienes radicados en otro distrito ni expedir mandamiento al Registrador de la Propiedad de Arecibo para anotar dicho embargo. La moción fué desestimada por la corte dictándose la consiguiente orden. Después el demandado pidió a la corte que reconsiderase dicha orden, citando cierta jurisprudencia, y habiendo la corte desestimado también la moción de reconsideración, el demandado interpuso apelación contra la orden original desestimando la moción en que se solicitó que se dejara sin efecto el embargo trabado, y contra la orden denegando la moción de reconsideración, las cuales penden ahora ante este tribunal.

Convenimos con el apelado en que la corte procedió correctamente al dictar la orden embargando bienes del demandado para asegurar la efectividad de la sentencia. Indiscutiblemente que la orden era válida y tenía el márshal el deber de proceder de acuerdo con la misma, pero esto no quiere decir que tuviera el márshal por virtud de dicha orden derecho alguno para embargar bienes que se encontraban radicados fuera de su propio distrito. Claramente que no lo tenía. Sus facultades están limitadas por la ley relativa a su nombramiento, al distrito judicial para el cual es nombrado. Hay un márshal para cada uno de los distritos judiciales y no existe conflicto alguno en lo que respecta a la jurisdicción de cada uno. La facultad que le ha sido conferida por la Legislatura no se extiende a más allá de los límites geográficos del distrito. El suponer que un márshal puede invadir la jurisdicción de otro para diligenciar mandamientos judiciales de cualquier clase que sean produciría una gran confusión. El es responsable del diligenciamiento de las órdenes judi-

ciales de su distrito.   La ley estatutoria aun es más espe-
cífica.

El artículo 245 del Código de Enjuiciamiento Civil pres-
cribe lo siguiente:

"Cuando' la orden de ejecución fuere contra la propiedad del
deudor declarado tal por la sentencia, podrá librarse al marshal de
cualquier distrito de la isla.   Cuando ordenare la entrega de pro-
piedad real o personal, deberá librarse al márshal del distrito en que
radicare la propiedad, o parte de ella.   Las órdenes de ejecución
podrán ser libradas al mismo tiempo para diferentes distritos."

Y el artículo 4 de la Ley de 10 de marzo, 1904, (Leyes
de 1904, página 100), dice lo siguiente:

"Artículo 4.—*Notificaciones y ejecución de diligencias.*—Cuando
una diligencia o notificación deba ser devuelta diligenciada a otro
distrito, el márshal podrá enviar dicha diligencia o notificación en
un sobre dirigida al funcionario de quien la misma ha emanado, depo-
sitándola en el correo y pagando su franqueo."

*Expressio unius est exclusio alterius.*   La ley ha prescrito
un amplio mecanismo para la ejecución de diligencias en otro
distrito e igual razonamiento es de aplicación cuando se trata
de una orden para asegurar la efectividad de una sentencia,
que de cualquier otra clase de diligencias.   No existe dis-
tinción alguna en la ley.   Esta consideración que hacemos
resulta más clara si tenemos en cuenta que la última diligen-
cia que se practica en un embargo es la venta de la propie-
dad embargada.   El márshal tiene que hacer la venta.

Como opinamos que la acción del márshal notificando per-
sonalmente un mandamiento en otro distrito era nula, no
importa que el demandado se tardara diez y siete meses en pe-
dir que se dejara sin efecto el embargo hecho por el márshal.
Una diligencia que es enteramente nula puede ser impugnada
en cualquier fecha y el mero silencio o inacción por parte
del demandado no implica que ha renunciado a sus derechos.
Ni han sido afectados estos derechos por el hecho de que el
término dentro del cuál fué dictada la orden original hacía
mucho tiempo que había vencido.   La orden original de la

Corte de Distrito de Mayagüez prevalece pero siendo nula la acción del márshal embargando bienes situados fuera de su distrito, naturalmente que la anotación de los mismos en el Registro de la Propiedad de Arecibo era igualmente nula y el registrador debió haberse negado a verificar la anotación, siendo a la vez nula la subsanación del error que había en la descripción.

De acuerdo con los anteriores razonamientos debe revocarse la orden de la Corte de Distrito de Mayagüez negándose a dejar sin efecto el embargo trabado por el márshal, anularse el embargo y la orden dictada por la corte en marzo 27, 1913, modificando la descripción hecha en el Registro de Arecibo, sin perjuicio de que la parte interesada pueda acudir donde corresponda para obtener la cancelación de la anotación de embargo.

> *Revocada la orden apelada, anulado el embargo y la orden dictada modificando la descripción hecha en el registro de la propiedad de la finca embargada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.