MALDONADO, DEMANDANTE Y APELADO, *v.* PRESTON, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre reivindicación de finca rústica.

No. 1161.—Resuelto en julio 7, 1915.

CORTES MUNICIPALES—INTERPRETACIÓN DE LEY—MÁRSHALS DE LAS CORTES MUNICIPALES—MÁRSHAL DE DISTRITO.—De un examen de la legislación relativa a las cortes municipales, *se resolvió:* que ha sido la intención de la Legislatura conferir a los márshals de dichas cortes las mismas atribuciones, facultades, deberes, autoridad y jurisdicción dentro de sus respectivos distritos municipales y con referencia a las cortes para las cuales habían sido respectivamente nombrados y con respecto a las cuestiones pendientes en las mismas, que las ya anteriormente prescritas para el gobierno de los márshals de las diferentes cortes de distrito con relación a estas últimas y a los distritos judiciales mayores.

MÁRSHAL — MÁRSHAL DE LAS CORTES MUNICIPALES — MANDAMIENTO DE EJECUCIÓN—EMBARGO DE BIENES INMUEBLES RADICADOS EN OTRO TÉRMINO MUNICIPAL.—Un márshal de una corte municipal carece de autoridad para embar-

gar o vender bienes inmuebles que se encuentran radicados en otro término municipal, siendo nulos, por tanto, un embargo y venta hechos bajo tales circunstancias. Véase *Benet* v. *Hernández*, 22 D. P. R., 348.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogados de la apelada: *Sres. Carlos Travecier* y *Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En la Corte de Distrito de Humacao, el demandante-apelado obtuvo sentencia contra el demandado-apelante en una acción reivindicatoria. Uno de los eslabones de la cadena que constituye el título del demandante es una escritura otorgada por el márshal de la Corte Municipal de Humacao al vendedor del demandante. Aparece claramente de la faz del documento que la venta que en el mismo se acredita se llevó a cabo por virtud del embargo trabado sobre la finca objeto de este pleito, radicada en el término municipal de Naguabo, por el referido márshal de la Corte Municipal de Humacao de acuerdo con la ejecución seguida para satisfacer la sentencia que sobre pago de cantidad fué dictada por esa corte.

El demandado se opuso a la admisión de esta escritura fundándose en que la misma es nula y sin ningún valor por carecer de jurisdicción y facultades el márshal de la Corte Municipal de Humacao para ejecutar y vender bienes inmuebles que se encuentran radicados en otro término municipal. Al declarar sin lugar esta objeción la corte se refiere con aprobación a la regla general enunciada en el tomo 17 de Cyc., página 1080, de acuerdo con la cual "un oficial no tiene autoridad para embargar y vender bienes inmuebles que radican fuera de los límites de su condado o distrito;" pero sostiene dicha corte que este principio no puede ser invocado por el demandado en este caso, que cualesquiera irregularidades que pueda haber en los procedimientos no pueden perjudicar los derechos del comprador, y que la demandada está

limitada al derecho que tiene de solicitar que se deje sin efecto el traspaso mediante una acción establecida con tal objeto.

El primer señalamiento alegado es que la corte cometió error al admitir este documento.

La escritura subsiguiente que fué otorgada por el comprador en la venta por virtud de la ejecución a favor del demandante ya había sido admitida previamente por la corte, no obstante la objeción de la demandada basada en otras razones que no es preciso mencionar, y el segundo error alegado consiste en que la corte incurrió en error al dar fuerza probatoria a esta escritura y declarar que el demandante era dueño de la finca.

También aparece de otras pruebas documentales que fueron presentadas por la demandada que la orden de ejecución fué dirigida al márshal de la Corte Municipal del Distrito Judicial Municipal de Humacao,'' en la que se le ordenaba que satisficiera las sumas que en la misma se especificaban en bienes de la propiedad personal de dicho deudor, y si no hubiese propiedad personal bastante, entonces de la propiedad real que se hallare en el distrito suyo, y que la venta se hizo por el referido márshal en su oficina de Humacao siendo el comprador en aquel lugar el único postor que se presentó.

En el reciente caso de *Benet Colón* v. *Hernández Mena,* decidido en abril 17, 1915, este tribunal resolvió que el embargo hecho por el márshal de una corte de distrito de bienes inmuebles radicados en otro distrito es enteramente nulo. No es preciso repetir ahora lo declarado entonces. Este caso debe regularse por esa decisión a menos que haya de establecerse alguna diferencia entre los márshals de las cortes de distrito y los de las cortes municipales.

Si bien el apelado no ha sugerido la posibilidad de tal distinción, en el tomo 35 de Cyc., página 1528, se expresa claramente que ''se ha resuelto que la autoridad de un alguacil (*constable*) está limitada a su propio distrito, precinto

o ciudad; pero la regla más general expresa que su autoridad se extiende a todo el condado a que pertenece su precinto; y se ha resuelto que, aunque la ley le prohibe a un alguacil (*constable*) so pena de incurrir en un castigo, cumplimentar mandamientos y embargar bienes fuera de su determinado precinto, sus actos oficiales son, sin embargo, válidos en cualquier parte del condado." De un examen cuidadoso de los casos citados se ve, no obstante, que la llamada "regla más general" en todos los casos es la consecuencia de una disposición estatutoria específica y no envuelve la aplicación de ningún principio de ley nuevo o diferente, y como hecho cierto la conclusión a que se llegó en aquellos casos estaría más propiamente comprendida bajo el título "Una excepción a la regla general," una excepción creada por disposición estatutoria, ya por mandato expreso de la ley o por deducirse necesariamente de sus términos.

También es verdad que la ley prescribe que los deberes del márshal de una corte municipal "serán idénticos a los descritos en la ley creando el cargo de márshal, a saber, 'Ley creando el cargo de márshal de distrito, definiendo sus deberes y fijando su sueldo por el desempeño de los mismos.' "

Debe notarse de pasada que este precepto trata de los deberes del márshal y no habla específicamente de su jurisdicción territorial. Concediendo, sin embargo, que mediante una interpretación liberal del lenguaje usado, si se considera aisladamente y sólo en la forma en que aparece podría lógicamente decirse que la idea de identidad de deberes así expresada incluye la identidad de jurisdicción territorial, dicho lenguaje, sin embargo, deberá ser leído a la luz de su contexto y de otros preceptos *in pari materia*.

Una ley que fué aprobada en la misma fecha dispone que "todos los procedimientos ante dichas cortes municipales deberán ser tramitados conforme a las reglas y procedimientos en práctica en las cortes de distrito;" que "habrá un juez municipal para cada distrito judicial municipal;" que "en cada corte municipal habrá un márshal;" que "en cada corte

municipal habrá un secretario,   *   *   *   y sus deberes serán idénticos a los deberes del secretario del tribunal de distrito, en la forma en que están definidos en la ley titulada 'Ley creando el cargo de secretario de los tribunales de distrito, definiendo sus deberes y fijando su compensación;' '' que ''los derechos que habrán de cobrar y cargar el márshal y el secretario descritos en las secciones 10 y 11 serán idénticos a los enumerados y contenidos en la ley titulada: 'Ley referente a los derechos y compensación de ciertos funcionarios;' siendo todos los referidos derechos cobrados por dicho márshal y dicho secretario precisamente en la forma dispuesta en dicha ley: *disponiéndose,* que puede prescindirse de los derechos del taquígrafo ascendentes a tres dólares que se requieren en todas las acciones que se promuevan en las cortes de distrito,'' etc.

La ley creando el cargo de márshal de distrito prescribe que: ''el márshal tendrá el deber: 1. de asistir a las cortes de distrito durante sus respectivos períodos de sesiones celebradas dentro de su distrito, y obedecer sus órdenes legales e instrucciones; 2. De exigir la ayuda de cuantos habitantes varones hayan en su distrito que él creyere necesarios al efecto de ejecutar los deberes aquí definidos.'' Asimismo la ley creando el cargo de secretario de las cortes de distrito prescribe que este funcionario, ''deberá, ya sea en persona, ya sea por medio de un auxiliar, asistir a todas las sesiones de un tribunal de distrito celebradas dentro de su distrito.'' Ciertamente que no fué la intención de la legislatura hacer que los preceptos legales últimamente citados fueran de aplicación a los márshals y secretarios de las cortes municipales. Es de igual modo claro que el dar entero y absoluto cumplimiento al requisito de que deben observarse en las cortes municipales ''las reglas y procedimientos de las cortes de distrito'' en muchos particulares sería completamente impracticable si insistiéramos en sujetarnos con demasiado rigor al sentido literal del lenguaje empleado. Podríamos presentar muchos ejemplos, pero no es necesario hacer esto.

La interpretación liberal de las palabras en cuestión en el sentido de que en ellas se amplía la jurisdicción territorial del márshal de la corte municipal hasta hacerla igual a la que tiene el márshal de la corte de distrito, llevada a su conclusión lógica, resultaría claramente en un *reductio ad adsurdum*.

Un examen juicioso de toda la legislación relativa a las cortes municipales nos lleva inevitablemente a la conclusión de que la legislatura simplemente tuvo la intención de hacer extensiva a las cortes municipales y a los márshal y secretarios de las mismas, en todo aquello que fuera aplicable o práctico, *mutatis mutandis*, la legislación que ya había sido decretada, en la cual se prescribe el procedimiento que ha de seguirse en las cortes de distrito y las funciones, deberes y derechos que han de ser cobrados por los secretarios y márshals de dichas cortes. O hablando con más precisión, que todo lo que trató de hacer la legislatura fué conferir a los márshals de las cortes municipales las mismas atribuciones, facultades, deberes, autoridad y jurisdicción dentro de sus respectivos distritos y con referencia a las cortes para las cuales habían sido respectivamente nombrados y con respecto a las cuestiones pendientes en las mismas, que las anteriormente prescritas para el gobierno de los márshals de las diferentes cortes de distrito con relación a estas últimas y a los distritos judiciales mayores.

Las decisiones de aquellas cortes que, de acuerdo con las prescripciones peculiares de la legislación local especial por la que se aumenta la jurisdicción territorial de los alguaciles (*constables*) y márshals de la ciudad, han sostenido los actos oficiales de dichos funcionarios fuera de los límites geográficos de sus respectivas demarcaciones, ciudades o precintos, no enunciando, como es el caso, ningún nuevo principio de ley, no pueden por tanto ser aplicables debidamente a los actos extraterritoriales de un márshal municipal en esta isla donde toda la legislación en cuanto a este particular indica una identidad del principio regulador más bien que

el hecho de que sea necesario establecer una distinción o hacer una excepción a la regla general.

En apoyo de la resolución que ha sido impugnada en el primer señalamiento de error *supra,* el demandante apelado cita de la "Enciclopedia de Procedimiento y Práctica," tomo 12, página 82. Sobre Ventas Judiciales. XIII. Objeciones y anulación. 1. Quién puede y quién nó formular objeción. * * * Cyc., tomo 24, páginas 43, 44, 70 y 72. XIV. Apertura y anulación. C. Quién puede solicitar la nulidad de una venta. * * * D. Procedimientos. 1. Moción para anular. * * * 2. Acción para anular. * * * 20. Ventas defectuosas, nulas y anulables. E. Ataque colateral. * * * Cuando la corte tenía jurisdicción, los errores e irregularidades en el procedimiento conducentes a la orden de venta o en la venta únicamente pueden servir de base de impugnación por medio de algún procedimiento, ya ante la misma corte o en una corte de apelación. Freeman sobre ejecuciones. Tomo 2, página 1785 a 1823. Capítulo XXI. De la nulidad y ratificación de ventas y la expedición y traspaso de certificados de compra. P. 305. A petición de quién y contra quién puede anularse una venta. * * *

Los subtítulos por sí solos indican una lamentable omisión en distinguir no solamente entre lo que son ventas judiciales técnicas y por ejecución sino también entre ventas nulas y anulables, entre meras irregularidades y defectos jurisdiccionales que afecten a la cuestión relativa a los procedimientos directos para anular y a las partes del mismo por un lado y el ataque colateral por otra parte. Para aclarar el concepto erróneo que se observa acerca del principio que sirve de base a la doctrina sobre ataque colateral, será bastante con completar la cita del tomo 24 de Cyc., XX. Ventas defectuosas, nulas y anulables. E. Ataque colateral * * *, *supra,* supliendo en bastardilla la omisión inadvertida en que incurrió el apelado según se indica por asteriscos en el párrafo arriba citado de su alegato: Ataque colateral.—*"Si la corte que decreta una venta judicial carecía de facultades*

*para conocer de los procedimientos, los procedimientos son
nulos; no pueden basarse derechos de ninguna clase sobre
los mismos, y están sujetos a impugnación colateral en cual-
quier otro procedimiento.  De igual manera también si la
venta es nula por cualquier razón puede ser atacada colate-
ralmente.  Si la venta, sin embargo, no es enteramente nula,
sino solamente anulable, no puede ser atacada colateralmente.*
Cuando la corte tenía jurisdicción, los errores e irregulari-
dades en los procedimientos que conducen a la orden de venta
o en la venta solamente pueden servir de base de impugna-
ción mediante algún procedimiento directo, ya ante la misma
corte o en una corte de apelación    *    *    *.''    24 Cyc., pá-
gina 72.

Este caso ni siquiera envuelve una ''venta judicial'' en
el sentido estricto y legal de la palabra en contraposición
a una ''venta por ejecución.''  No existe cuestión alguna
respecto a la jurisdicción de la corte.  La corte nada tenía
que ver con la cuestión después de dictar sentencia y orde-
nar la expedición del mandamiento ordinario.  Ni es este un
caso de una mera irregularidad de forma o procedimiento.

La cuestión es demasiado elemental para que requiera
una discusión más extensa.  El márshal no tenía autoridad
alguna ya por virtud del mandamiento de ejecución o de
acuerdo con el estatuto para embargar la finca en cuestión
o venderla en el lugar en que se trató de verificar la venta
o en otra parte.  Para la ley no existió embargo alguno ni
venta.

Puesto que esta consideración del asunto resuelve defi-
nitivamente todo el caso, no es necesario que consideremos
los otros errores que han sido alegados.

Debe revocarse la sentencia apelada y ordenarse, decre-
tarse y resolverse por este tribunal que el demandante-ape-
lado nada recobre por virtud de su acción.

> *Revocada la sentencia apelada y absolviéndose
> de la demanda al demandado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.