TRÍAS ET AL., PETICIONARIOS, *v.* ROSSY, DEMANDADO.

PETICIÓN para que se expida un auto de *certiorari* contra el Hon. Jesús M. Rossy, Juez de la Corte de Distrito de San Juan, Sección Segunda.

No. 233.—Resuelto en enero 28, 1919.

CERTIORARI—EMBARGOS PREVENTIVOS—IMPUGNACIÓN DE DEFECTOS E IRREGULARIDADES CONSENTIDAS.—Aun cuando en los procedimientos incidentales seguidos en la corte inferior para obtener y trabar un embargo de bienes del demandado para asegurar la efectividad de la sentencia que en definitiva pueda dictarse a favor del demandante aparezcan defectos o irregularidades evidentes, éstos no pueden impugnarse con éxito en procedimientos de revisión por *certiorari* cuando, como en este caso, el demandado, que si bien los impugnó en la corte inferior, no insistió sobre los mismos, sino que por el contrario retiró su intentada impugnación. Dentro del recurso de *certiorari* las cortes de revisión no están obligadas a escudriñar cuestiones expresamente consentidas por los peticionarios en la corte inferior, con el propósito de hacer sutiles distinciones entre cuestiones de procedimientos susceptibles de ser así renunciados y defectos jurisdiccionales que no pueden ser subsanados por consentimiento, principio aplicable tanto a los procedimientos de apelación en general como a los de revisión por *certiorari*.

ASEGURAMIENTO DE SENTENCIA—TRASLADO Y VENTA DE BIENES FUNGIBLES EMBARGADOS—NOTIFICACIÓN Y AUDIENCIA DE LAS PARTES.—Cuando, como en el presente caso, se embargan bienes fungibles del demandado que radican en

un distrito distinto al distrito en que se siguen la acción principal y los procedimientos incidentales para asegurar la efectividad de la sentencia que pueda recaer a favor del demandante en la acción principal, y se pide que dichos bienes fungibles se trasladen del distrito en que radican al distrito en que se sigue la acción principal y se ordene la venta de los mismos por ser susceptibles de deterioro, la orden en que se dispone el traslado y venta de dichos bienes fungibles embargados es nula cuando no se ha cumplido estrictamente con lo que se prescribe en la sección 14 de la ley para asegurar la efectividad de sentencias, que requiere se le avise por medio de una citación a la parte contraria de todas las pretensiones deducidas en el curso de los procedimientos para obtener el embargo de bienes del demandado a los fines de asegurar la efectividad de la sentencia que pueda recaer en definitiva a favor del demandante.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Cayetano Coll Cuchí.*

Abogado del demandado: *José de Guzmán Benítez.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En un pleito seguido en la Corte de Distrito de San Juan, Sección Segunda, por Pedro Gandía contra Arturo Trías y Johann D. Stubbe sobre liquidación de la sociedad de Gandía & Stubbe, y destitución del liquidador Arturo Trías, y daños y perjuicios, el demandante embargó como de la propiedad del demandado cierta cantidad de tabaco en el municipio de Cidra, del Distrito Judicial de Guayama.

La fianza, un modelo impreso con ciertas líneas en blanco, suscrita y jurada por el demandante y dos fiadores, es de $14,000, en la que se hace constar que cada uno de los fiadores es dueño de bienes raíces de su exclusiva propiedad, por la cantidad de más de veinte mil dólares, libres de toda carga, excluyéndose los bienes que están exentos de ejecución, y que son "contribuyentes por concepto de bienes raíces por más de la suma de _____."

El mandamiento se dirigió al márshal de la corte de distrito que lo expidió, el cual fué endosado por éste al márshal de la Corte de Distrito de Guayama y diligenciado y devuelto por este último.

Como cosa de tres meses después de trabado el embargo, los demandados presentaron una fianza y solicitaron, me-

diante moción al efecto, el levantamiento del embargo trabado sobre los bienes secuestrados.

Pocos días después el demandante pidió que se trajesen a San Juan y se vendiesen 500 quintales del tabaco en cuestión, sirviéndole copia de esa moción al abogado de los demandados.

El demandante pidió también que se señalara día para la vista y discusión de esa moción.

Luego después, los demandados pidieron se celebrase la vista de su moción sobre levantamiento de embargo y pidieron que se pospusiera toda consideración de la moción del demandante.

Luego el demandante notifica a los demandados que la corte había fijado determinado día y hora para discutir, en primer término, la moción de la demandada para que se alce el embargo, y en segundo lugar, la moción del demandante para que se vendiese una parte de la propiedad embargada.

Los demandados desisten entonces de su moción para levantar el embargo y retiran la fianza previamente ofrecida por ellos.

Parece que al discutirse la moción del demandante para que se trajese y vendiese el tabaco los demandados se opusieron a la misma oralmente, sosteniendo, primero, que no había habido embargo alguno, y segundo, que el embargo era nulo por falta de autoridad del márshal de la Corte de Distrito de Guayama para trabar el embargo; y que a requerimiento de la corte se sometieron alegatos sobre los dos puntos siguientes: primero, sobre si, dado el estado de los procedimientos, la cuestión de la nulidad del embargo trabado podía o no levantarse y resolverse, y segundo, sobre si necesariamente tenía o no que venderse el tabaco en pública subasta.

Los argumentos expuestos por los demandados en su alegato ante la corte inferior consistieron, en síntesis, en que el tabaco embargado era una plantación de tabaco y que como

tal formaba parte de la finca; que no se había cumplido con los requisitos legales de un embargo sobre bienes raíces; que no se había retenido en posesión la cosa embargada, o que la posesión así adquirida, de haberse adquirido, se había perdido y abandonado el embargo; también, que el embargo había sido trabado sin autoridad por el márshal de la Corte de Distrito de Guayama.

Antes de que la corte pudiese resolver estas cuestiones los demandados pidieron permiso para retirar la moción sobre nulidad del embargo, para volver a presentar la moción original sobre sustitución de fianza, y al propio tiempo volvieron a someter una fianza para el levantamiento de la propiedad embargada.

La corte declaró con lugar esta moción sobre levantamiento de embargo, con la condición de que se presentase una fianza buena y suficiente, indicando el juez sentenciador hallarse dispuesto a señalar día para oir a las partes con respecto a la suficiencia de los propuestos fiadores, impugnada por el demandante.

La corte, en el curso de una decisión subsiguiente sobre este punto, manifestó que a los demandados se les concedieron los plazos y prórrogas que solicitaron y que se juzgó necesarios por la corte, para buscar abonados fiadores, y que de los tres que finalmente fueron sometidos, uno de los propuestos fiadores tenía bienes bastantes a cubrir el importe de la fianza, siendo suficiente en cuanto a los otros dos por el montante de la obligación mancomunada y solidaria que asumieron; pero que uno de los dos últimamente mencionados, según lo demostró el demandante, estaba muy cargado por otras obligaciones de semejante naturaleza en adición a ciertas hipotecas, y en su consecuencia dispuso que se librase la correspondiente orden al márshal de la Corte de Distrito de Guayama para que los bienes embargados fuesen trasladados de Guayama a San Juan, a fin de ser vendidos en pública subasta por el márshal de la Corte de Distrito de San Juan.

Los demandados presentaron entonces una moción para

que se reconsiderase la orden últimamente mencionada y se dejase sin efecto porque infringe las secciones 10 y 14 de la ley para asegurar la efectividad de las sentencias, aprobada en marzo 1 de 1902, y también porque el caso había sido señalado para juicio sobre sus méritos, juicio que habría de celebrarse dentro de los veinte días siguientes y la venta en pública subasta del tabaco en cuestión, y especialmente su traslado de Guayama a San Juan, les acarrearía pérdidas de consideración a los demandados, lo que se justificaba con los *affidavits* que se acompañaron con esa moción.

La corte desestimó la moción últimamente mencionada y modificó su orden anterior disponiendo la venta de 780 quintales de tabaco en vez de los 500 quintales antes mencionados.

La petición interesando la expedición del auto de *certiorari* librado en este caso alega la orden por la que se decide la suficiencia de los fiadores ofrecidos por los demandados y dispone la venta de los bienes antes mencionados, la moción para la reconsideración de la misma, la orden declarándola sin lugar, y pide la revocación de estas dos órdenes porque en la fianza no se cumple con lo que se exige por la sección 6 de la ley citada para asegurar la efectividad de sentencias; porque el mandamiento de embargo fué dirigido al márshal de la Corte de Distrito de San Juan, Sección Segunda, y endosado por éste al márshal de la Corte de Distrito de Guayama; porque la corte de distrito al resolver la moción de los peticionarios para que se les permitiera sustituir los bienes embargados por una fianza personal no se circunscribió a resolver esa moción, sino que ordenó la venta de los bienes embargados sin notificación a los peticionarios de semejantes propósitos y sin darles oportunidad de oponerse a la misma, todo ello contrario a la sección 14 de la antes mencionada ley para asegurar la efectividad de sentencias, que exige que todas las pretensiones que se dedujeren por cualquiera de las partes en el curso de los procedimientos se sustanciarán, dándose traslado a la parte contraria, con citación para una comparecencia ante la corte, y dándole a cada una de las partes

una oportunidad para presentar su prueba; porque en la diligencia del márshal de la Corte de Distrito de Guayama no se describe ni la finca donde se trabó el embargo ni los bienes embargados con suficiente certeza para identificarlos para el caso de ejecución; y porque no se nombró depositario alguno que se hiciera cargo de los bienes embargados, ni se practicó inscripción alguna en el registro de la propiedad, ni se expresa el modo en que fué trabado el embargo, ni se tomaron medidas algunas con el fin de que la posesión de los bienes embargados permaneciese y estuviese en poder del funcionario que practicó el embargo.

La sección 6 de la ley para asegurar la efectividad de sentencias, dice así:

"Sólo podrán ser fiadores personales las personas que pagaren al Tesorero de Puerto Rico, a título de dueños, una contribución sobre la propiedad representativa de un capital cuyo valor sea el doble de la fianza exigida por el tribunal para decretar el aseguramiento."

La ley es perfectamente clara y, ordinariamente, cualquier desviación sustancial de la misma produce resultados fatales. De haberse sostenido con insistencia la objeción basada en la sección arriba mencionada ante la corte de distrito, el demandante habría tenido muy poca razón para quejarse, si su falta de no cumplir con lo prescrito por la ley, hubiera dado por resultado la disolución del embargo. Al propio tiempo, es muy poco probable que bienes raíces en poder de sólo dos personas y valorados en $40,000 hayan siquiera escapado de pagar contribuciones o hayan sido tasados por una suma menor a las tres cuartas partes de su verdadero valor. Aun cuando dadas las circunstancias de este caso nosotros difícilmente nos inclinaríamos a favorecer ésta o cualquier otra presunción en favor del demandante, si no hubiesen los propios demandados retirado su objeción en la corte inferior, sin embargo no estamos dispuestos a sostener, por razón de esa renuncia, que la justificación de la suficiencia de los fiadores ahora impugnada no logró mostrar los requisitos esta-

tutorios de tal modo que le diesen derecho a los peticionarios en este caso a obtener un remedio dentro del recurso de certiorari.

El haberse dirigido el mandamiento de embargo al márshal de la Corte de Distrito de San Juan, y practicado el embargo por el márshal de la Corte de Distrito de Guayama por el mero endoso del funcionario a quien fué dirigido, constituye por lo menos, por no decir algo más, una grande irregularidad, y lo que se ha dicho con referencia a la defectuosa justificación de la suficiencia de los fiadores que suscribieron la fianza para el embargo es a *fortiori* de aplicación a esta faz del caso.  Por lo presente bastará decir que, dentro del recurso de *certiorari,* no escudriñaremos cuestiones expresamente consentidas por los peticionarios en la corte inferior, con el propósito de hacer sutiles distinciones entre cuestiones de procedimientos susceptibles de ser así renunciadas y defectos jurisdiccionales que no pueden ser subsanados por consentimiento.

"La regla aplicable a los procedimientos de apelación en general, de que las objeciones no levantadas en la corte inferior de nada aprovechan en la corte de apelación, rige en el procedimiento de revisión por *certiorari*; y las cuestiones no levantadas en la corte inferior o supuestas resoluciones erróneas a que no se opuso objeción alguna, no pueden presentarse ante, ni ser consideradas por la corte de revisión." 11 C. J. 193, sec. 343.

El único punto adicional levantado en el alegato presentado por los peticionarios ante esta corte es la falta de haber dejado de seguir el procedimiento prescrito en la sección 14 de la ley para asegurar la efectividad de sentencias.  Esta sección exige que se dé aviso por medio de una citación a la parte contraria de todas las pretensiones deducidas en el curso de los procedimientos, con la oportunidad de ser oída y demostrar lo que fuere procedente para oponerse a la medida propuesta.  Es verdad, como se ha dicho antes, que los demandados fueron una vez notificados del señalamiento de la moción para trasladar el tabaco a San Juan como una

cuestión, que habría de resolverse, si acaso, después de resuelta la moción del demandado sobre nulidad del embargo. Pero la moción últimamente mencionada fué retirada, se ofreció en su lugar una fianza, el embargo fué condicionalmente disuelto y la moción del demandante jamás volvió a señalarse para discusión ni a someterse en debida forma. Los demandados no tenían conocimiento ni motivo razonable para suponer que, en el caso de que la corte dejara de aprobar la fianza ofrecida, se dictaría una orden en el curso de la misma resolución disponiendo el traslado del tabaco del distrito de Guayama y venta del mismo en San Juan. Los *affidavits* que se acompañaron con la moción de reconsideración de esta orden, de ser ciertos, demuestran *prima facie* que la resolución adoptada causaría pérdidas de consideración e inconvenientes a los demandados en el caso de que se dictase sentencia en su favor en el juicio que estaba a punto de celebrarse; y, además, que no había necesidad de tanta premura para evitar el deterioro de los bienes embargados.

Dadas las circunstancias de este caso, no podemos decir que no fueron perjudicados los demandados, ni que recibieron el aviso, ni que tuvieron la oportunidad de ser oídos, a que tenían derecho.

La orden disponiendo el traslado de los bienes embargados de Guayama a San Juan y la venta de los mismos en San Juan, y la orden negándose a reconsiderar esa resolución, deben ser revocadas.

*Anuladas las órdenes de 1º. y 19 de julio, 1918, impugnadas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.