BLONDET, DEMANDANTE Y APELADA, *v.* BENÍTEZ ET AL., DEMANDADO Y APELANTES.

No. 3152.—*Visto:* Febrero 18, 1924. *Resuelto:* Junio 17, 1924

*Resuelto en reconsideración:* Julio 29, 1924.

PROCEDIMIENTO EJECUTIVO HIPOTECARIO NULO—JURISDICCIÓN DE LA CORTE DE DISTRITO DE SAN JUAN, PRIMER DISTRITO—VENTA JUDICIAL NULA.—Es nula por falta de jurisdicción la venta judicial que de una finca radicada en Río Piedras ordenó la Corte de Distrito del Distrito Judicial de San Juan, Primer Distrito, en procedimiento ejecutivo hipotecario radicado ante dicha corte en julio 22, 1921.

ID.— DESAHUCIO— JURISDICCIÓN— PROCEDIMIENTO EJECUTIVO HIPOTECARIO.—Habiendo probado el demandado en el juicio del pleito ordinario de desahucio que estableció la demandante, que el título de ésta es nulo porque proviene de la venta judicial ordenada en procedimiento ejecutivo hipotecario por una corte sin jurisdicción, se revocó la sentencia que ordenaba el lanzamiento.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando con lugar la demanda, con costas. *Revocada,* y declarada sin lugar la demanda.

*M. Tous Soto,* abogado de los apelantes; *R. H. Blondet* y *J. Valldejuli,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

En juicio de desahucio que la demandante siguió por el procedimiento ordinario la Corte de Distrito de San Juan, Distrito Segundo, dictó sentencia declarando con lugar la demanda interpuesta por Margarita Blondet contra Isidro

Benítez y Gertrudis Santos, ordenando el lanzamiento de los demandados de la finca objeto del litigio.

La demandante funda su derecho de desahucio en habérsele adjudicado la finca en procedimiento especial hipotecario que siguió contra los demandados ante la Corte de Distrito de San Juan, Distrito Primero.

Los demandados alegan que el título de la demandante tiene la condición de inexistente y que la subasta que le dió origen se llevó a efecto ilegalmente y en procedimientos seguidos ante una corte de justicia sin jurisdicción para autorizarlos. Como consecuencia de esta defensa, la apelación interpuesta contra la sentencia descansa en dos motivos de error, a saber:

"1. Que la Corte de Distrito del Distrito Judicial de San Juan, Primer Distrito, carecía de jurisdicción para conocer de juicio ejecutivo en cobro de hipoteca constituida sobre finca radicada en el Distrito Judicial de San Juan, Segundo Distrito.

"2. Que el Márshal del Primer Distrito Judicial de San Juan carecía de facultades para vender en pública subasta una finca radicada en el Segundo Distrito Judicial de San Juan."

La parte apelada, aunque asistió a la vista de este caso, no tuvo el cuidado de presentar alegato sosteniendo sus puntos de vista en contrario al de los apelantes.

Para obtener posesión de la finca objeto del litigio y desalojar de la misma a los apelantes, la apelada no acudió al procedimiento sumario de desahucio que establece la ley de 9 de marzo de 1905, sino que interpuso la demanda y siguió el procedimiento ordinario que prescribe el Código de Enjuiciamiento Civil vigente. Establecida la contienda dentro del amplio campo del juicio ordinario, y a iniciativa de la apelada, no cabe duda ni de ello puede quejarse la misma apelada, que los apelantes hayan podido ejercitar ampliamente su defensa fuera del estrecho trámite a que les hubiera circunscrito el juicio especial de desahucio.

Entrando en el examen de los errores señalados, éstos pueden considerarse conjuntamente.

En julio 22, 1921, la apelada archivó en la Corte de Distrito de San Juan, Distrito Primero, la demanda para la ejecución de una hipoteca contra los apelantes. Aparece al mismo tiempo que la finca hipotecada radica en el municipio de Río Piedras, que corresponde al Distrito Judicial de San Juan, Distrito Segundo. El mandamiento para hacer efectiva la cantidad reclamada mediante venta de la finca hipotecada se dirigió al márshal del distrito judicial donde no radicaba la finca y fué quien procedió a la venta y adjudicación de la misma.

En el caso de *Toro y Lippitt* v. *Corte de Distrito de San Juan,* 30 D.P.R. 542, esta Corte Suprema tuvo ocasión de interpretar la ley núm. 41, aprobada en junio 30, 1921, (p. 287), y declaró que dicha ley dejó subsistente el Distrito Judicial de San Juan y dentro de él se crearon dos cortes de distrito independientes, encontrándose entre si en la misma relación, respecto a jurisdicción y competencia, que las demás cortes de la Isla. Y siendo ésta la interpretación que se ha dado a aquella ley, y no admitiéndose en la ejecución de hipotecas sumisión en contrario, sino que el juez competente será el del lugar en que radiquen los bienes (art. 170 del Reglamento para la ejecución de la Ley Hipotecaria), claro es que comprendiéndose el municipio de Río Piedras en el Distrito Segundo de la Corte Judicial de San Juan, no podía conocer de la ejecución en el procedimiento hipotecario la corte del Primer Distrito de San Juan por carecer de jurisdicción en el caso. Se hace, por tanto, innecesario añadir que todos los procedimientos en dicho ejecutivo adolecen del vicio de nulidad y el título de la apelada en que descansa su acción de desahucio tiene el carácter de inexistente. Véanse los casos de *Benet* v. *Hernández,* 22 D.P.R. 348; *Maldonado* v. *Preston,* 22 D.P.R. 659; *Frías et al.* v. *Rossy,* 27 D.P.R. 38, y *Solá* v. *Castro,* 32 D.P.R. 804.

Por lo expuesto, *la sentencia debe revocarse y dictarse otra declarando sin lugar la demanda, sin costas.*

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE JULIO 29, 1924.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Se pide por la demandante-apelada que reconsideremos
la sentencia que dictamos con fecha 17 de junio de 1924 re-
vocando la que había dictado la corte inferior declarando
con lugar la demanda de desahucio.

Nuestra decisión se fundó en que tratándose de la ejecu-
ción de una hipoteca en la que se adjudicó la finca hipote-
cada a la demandante, los procedimientos se siguieron ante
la corte del Primer Distrito Judicial de San Juan estando
no obstante radicada la finca en el Segundo Distrito Judi-
cial de San Juan.

La ley núm. 41, aprobada en junio 30, 1921, (p. 287) reor-
ganizando el distrito judicial de San Juan y dividiéndolo en
dos distritos independientes, empezó a regir el 30 de junio
de 1921 y la fecha en este caso resulta de esencial impor-
tancia.

Se dice en nuestra opinión, por aparecer así de los au-
tos, que la demanda ejecutiva fué presentada el 22 de julio
de 1921, pero la apelada sostiene que se trata de una equi-
vocación cometida en la transcripción del récord y que si
bien presentó en el caso No. 3285 que se acumuló al pre-
sente para los efectos de la vista una moción tendente a que
se hiciera la corrección de fechas, ella desistió por haber
ofrecido el apelante allanarse a tal corrección en la vista
del presente pleito e insiste que así fué admitido por el ape-
lante en el acto de la vista. No obstante, la apelada no tuvo
el cuidado de hacer constar en acta tal admisión, si la hubo,
y nos falta la base para decidir sobre los méritos en que
funda su reconsideración la parte apelada.

Por otra parte, aunque asumiéramos que la demanda se
hubiera radicado antes de empezar a regir la ley núm. 41,
*supra,* siempre aparece que el juez del Primer Distrito no
actuó ordenando el requerimiento de pago al deudor hasta

después de entrar en vigor dicha ley. El mero hecho de la radicación de la demanda no sería bastante por sí solo para considerar que el caso había entrado en el período de prueba y que el juez inferior del Primer Distrito retuviera la jurisdicción de acuerdo con la disposición transitoria de la citada ley.

Por lo expuesto, *la moción del apelado debe declararse sin lugar.*