*Se declara sin lugar la moción.*

FRANCISCO CRESPO ESCALERA, demandante y apelado, *v.* ERNESTO FERNANDO SCHLÜTER e INSULAR MERCANTILE COMPANY, demandados y apelantes.

Núm. 8147.—*Sometido:* Abril 17, 1941. *Resuelto:* Junio 10, 1941.

*A. Torres Braschi,*[*] abogado de los apelantes; *Luis Mercader,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La demanda origen de este pleito se presentó en la Corte de Distrito de Ponce por Francisco Crespo Escalera contra Ernesto Fernando Schlüter e Insular Mercantile Company en solicitud de una sentencia decretando la nulidad de cierto procedimiento ejecutivo hipotecario tramitado en dicha corte, la restitución de una de las fincas ejecutadas o su valor y el pago de los daños causados, con costas.

La primera causa de acción, o sea la de nulidad, se funda en que el demandado Schlüter en mayo de 1931 inició un procedimiento ejecutivo hipotecario contra el demandante en cobro de dos mil dólares de principal y trescientos cincuenta de intereses garantizados con hipoteca sobre dos fincas rústicas, una de 81 y otra de 122.98 cuerdas, que se describen debidamente, y que a virtud "de los hechos falsos y descripción inexacta del inmueble de 122.98, el ejecutante consiguió e hizo que se requiriera al Sr. Crespo y que se vendieran en subasta pública, sin previa tasación, las fincas indicadas" que le fueron adjudicadas por quinientos cincuenta dólares en abono de su reclamación.

Como causas específicas de nulidad, se alegan las que siguen:

"(a) Falta de jurisdicción de este tribunal, por cuanto la finca de 122.98 cuerdas, de más extensión y valor que la de 81 cuerdas, se halla ubicada, desde hace más de 25 años en que se reajustó la fijación de la división entre los municipios de Barros y Ciales, en el último.

"(b) Porque la cantidad cobrada por capital o intereses era inexacta y ficticia.

---

[*] Renunció su representación a la fecha de la vista del caso.

"(c) Porque no se efectuó tasación de las fincas antes del remate realizado, al extremo que el ejecutante hizo vender las mismas, que valen más de $10,000, por la ridícula e ínfima cuantía de $550 como abono a la reclamación.

"(d) Porque luego de terminado dicho ejecutivo hipotecario el ejecutante, sin notificación ni audiencia al aquí demandante, consiguió que esta corte le entregara los pagarés al portador base de dicha ejecución, y pertenecientes ya al ejecutado contra quien los había hecho efectivo.

"(e) Porque a pesar de ultimada la ejecución, sin previa tasación de las fincas hipotecadas, el ejecutante pidió y obtuvo nueva orden de ejecución embargando viciosa e ilegalmente bienes del ejecutado en cantidad mayor de $10,000, todo sin ninguna notificación ni audiencia al ejecutado.

"(f) Porque a pesar de lo anterior, y sin notificar al demandante, el ejecutante solicitó de esta corte otras nuevas órdenes de embargo contra el demandante."

Con respecto a la otra parte demandada, se dice:

"Que la demandada Insular Mercantile Company, que aparece como dueña nominal de la indicada finca de 122.98 cuerdas, es una corporación iniciada precisamente por el demandado Schlüter, y carece de interés efectivo en dicho inmueble, siendo el verdadero interesado el demandado Schlüter quien controla tal corporación, estando, además, ésta enterada de los vicios y causas de nulidad ya referidos no sólo por lo que aparece del Registro sino por la información completa que tiene de todos los hechos de esta demanda."

Para fundar la segunda causa de acción se reproducen los hechos de la primera y se alega:

"Que con motivo de la ejecución efectuada, el ejecutante vendió a tercera persona la indicada finca de 81 cuerdas, que tiene un valor razonable de $5,000, privando así al ejecutado de dicho inmueble y los frutos desde dos años que razonablemente fijados, anualmente producen, líquidamente, $700; y por tal causa ha ocasionado daños y perjuicios en el valor de dicho inmueble y los frutos indicados, hasta hoy, $6,400, que no ha pagado al demandante en todo o en parte."

Contestando el demandado Schlüter la primera causa de acción aceptó la existencia del ejecutivo hipotecario por él

iniciado y la adjudicación que se le hiciera de las fincas, pero negó que su demanda contuviera hechos falsos y que la descripción del inmueble de 122.98 cuerdas fuera inexacta. También negó específicamente las otras alegaciones en que se funda la causa de acción y alegó que no tiene interés ''en ni una sola de las acciones de la Insular Mercantile Company.''

Con respecto a la segunda causa de acción negó haber vendido a tercera persona la finca de 81 cuerdas y que esa finca tuviera un valor de cinco mil dólares. Negó haber ocasionado perjuicios al demandante.

Como defensas afirmativas adujo la constitución de la hipoteca y su ejecución por falta de pago; la venta de las dos fincas que se le adjudicaron, con otros siete inmuebles, a la Insular Mercantile Company por precio de trescientos dólares cada uno y que según su información y creencia la corporación vendió a una cuarta persona la finca de 80 cuerdas; que el demandante está legalmente impedido de negarle jurisdicción al tribunal para conocer del ejecutivo hipotecario, y que de existir alguna causa de acción a favor del demandante, habría prescrito por el transcurso de cuatro años, a tenor del artículo 1253 del Código Civil, ed. 1930.

El demandado Schlüter contrademandó además alegando los hechos determinantes de su crédito no satisfecho por el deudor Crespo y solicitó que se dictara sentencia en su contra por dos mil dólares importe del principal de los dos pagarés, sus intereses—$1,373.33 hasta noviembre 30, 1938, más los que se sigan devengando hasta el pago total—cuatrocientos dólares y noventa y ocho centavos por contribuciones pagadas, con el interés legal, y los trescientos cincuenta dólares convenidos para costas.

La Insular Mercantile Company archivó una contestación separada negando ser una corporación controlada por Schlüter, admitiendo ser dueña de la finca de 122.98 cuerdas. En cuanto a la otra de 80 cuerdas negó que valiera cinco mil

dólares. Como defensa afirmativa alegó la prescripción basada en el artículo 1253 del Código Civil, ed. 1930.

El demandante contestó la contrademanda de Schlüter negando sus hechos y alegando que de obtenerse la nulidad solicitada, el contrademandante no tendría derecho al cobro de su reclamación.

Bajo esas alegaciones fué el pleito a juicio, practicándose una larga prueba documental y testifical. Analizando y pesando esa prueba a los fines de resolver la cuestión de nulidad basada en la falta de jurisdicción de la corte de distrito para conocer del ejecutivo hipotecario dentro del cual se vendieron las fincas que reclama el demandante, la corte sentenciadora declaró probado que la finca de 122.98 radicaba en el término municipal de Ciales y no en el de Barros, y que era la mayor y la de más valor según el registro, y en su consecuencia decidió que correspondiendo Ciales al distrito judicial de Arecibo, la Corte de Distrito de Ponce actuó sin jurisdicción. Decretó la nulidad del procedimiento ejecutivo hipotecario y la cancelación de las inscripciones hechas en el registro a virtud del mismo a favor del demandado Schlüter y la de todos los traspasos posteriores de las fincas y ordenó a los demandados la restitución de dichas fincas al demandante. No conformes los demandados interpusieron la presente apelación.

Estudiada la evidencia se encuentra que fué apreciada debidamente por el tribunal sentenciador y en cuanto a la aplicación de la ley por dicho tribunal, no hay duda de que lo fué rectamente. No está, pues, bien fundado el recurso en este particular.

El último párrafo del artículo 170 del Reglamento para la Ejecución de la Ley Hipotecaria, de modo terminante prescribe:

"Art. 170.—     *     *     *     *     *     *

"Será Juez competente el del lugar en que radiquen todos los bienes hipotecados, sin que se admita sumisión en contrario. Cuando los bienes hipotecados radiquen en distintos distritos judiciales, será

competente aquél de entre ellos al cual constare hecha expresa sumisión en la escritura, y en defecto de tal sumisión, el del lugar en
donde radique el inmueble de mayor valor o cualquiera de los varios
inmuebles de mayor valor si lo tuvieren igual dos o más en la escritura. Si ésta fué inscrita con anterioridad a la ley y no expresa
el valor de las fincas, se atenderá a la cuantía de la responsabilidad
hipotecaria distribuída entre ellas.''

Y aquí los bienes hipotecados radicaban en distintos distritos y no huba sumisión expresa en la escritura. La aplicación de la regla es tan clara en el sentido que lo hizo la
corte sentenciadora, que no se necesita de razonamiento adicional alguno para resolver la cuestión. Véanse los casos de
*Blondet* v. *Benítez,* 33 D.P.R. 409, 410, y *P. R. Leaf Tobacco
Co.* v. *Ereño et al.,* 16 D.P.R. 100.

■ En cuanto a que la acción ejercitada no había prescrito por el transcurso de cuatro años, bastará decir que
no se trata de un procedimiento meramente anulable si que
inexistente, por haber actuado la corte sin jurisdicción.
Véase el caso de *Sucn. Trías* v. *P. R. Leaf Tobacco Co.,* 50
D.P.R. 91 en el que se citan los anteriores de esta corte y
se resuelve, copiando del resumen, que:

''Sólo cuando la acción reivindicatoria nace de la nulidad del
título del poseedor del inmueble, es que el demandante en dicha acción viene obligado a pedir y obtener la previa nulidad de ese título
para que la misma prevalezca.''

''La acción encaminada a establecer la nulidad absoluta de un
procedimiento ejecutivo sumario, no prescribe por el transcurso de
quince años.''

''Un procedimiento sumarísimo seguido en todos sus trámites,
excepto el de la radicación del caso, ante una corte de distrito otra
que la del distrito en que la finca radica, es absolutamente nulo.''

■ Y en cuanto a la responsabilidad de la demandada
Insular Mercantile Company sin detenernos a analizar la
prueba sobre sus relaciones con el demandado Schlüter, basta
sólo invocar, para sostener la sentencia, lo resuelto en *Ayala*
v. *Flores,* 50 D.P.R. 873, a saber: ''Uno que adquiera una
propiedad del comprador o adjudicatario en subasta en pro

cedimiento sumario hipotecario con conocimiento de las constancias del registro de la propiedad y a sabiendas de que la validez de su título depende de la del procedimiento mencionado, no es un tercero y queda afectado o perjudicado por la nulidad del título declarada judicialmente en pleito en que sea parte.''

También por su sentencia declaró la corte con lugar la contrademanda excepción hecha de la reclamación de los trescientos cincuenta dólares que se alegó en ella que se habían convenido para costas. Pidió reconsideración el demandante y la corte enmendó su sentencia ''en el sentido de que el demandante en vez de pagar la suma de $1,373 33 de intereses devengados sobre los pagarés desde las fechas de sus respectivos vencimientos hasta el día 30 de noviembre de 1938, más los intereses que continúen devengándose al 10 por ciento anual desde el 30 de noviembre de 1938 hasta su total pago, dispone que el demandante pague intereses devengados sobre los pagarés desde las fechas de sus respectivos vencimientos hasta el 17 de mayo de 1932, fecha de la interposición del ejecutivo sumario hipotecario instado por Ernesto Fernando Schlüter contra Francisco Crespo Escalera, sin poder el codemandado Schlüter reclamar más intereses, de acuerdo con lo resuelto en el caso de *Pontón* v. *Sucrs. de Huertas González,* 46 D.P.R. 789.''

Apelaron los demandados de esta parte de la sentencia. Insisten en que debió concedérseles los trescientos cincuenta dólares y reconocérseles su derecho al cobro de intereses desde el vencimiento de la obligación hasta el pago de la misma.

A nuestro juicio no tienen razón los apelantes.

En el caso de *Pontón* v. *Sucrs. de Huertas González,* 46 D.P.R. 789, 797, citado por la corte sentenciadora, se dijo:

''No hay duda alguna de que anulado el ejecutivo hipotecario queda subsistente el crédito asegurado con la hipoteca. Que los demandados tienen derecho a recobrar los $4,500 que prestaron a los demandantes una vez que les reintegren el valor de la finca ya que

ésta no puede devolverse, es evidente. Lo que sí creemos que no tienen derecho a percibir son las costas y honorarios de abogado, ni los intereses, ya que no es posible dejar de tomar en consideración que los honorarios se devangaron en un procedimiento nulo y que la finca pasó a sus manos indebidamente y la vendieron por $8,500, de cuya cantidad han venido beneficiándose desde que la percibieron. De acordarles tal derecho se les estaría reconociendo un doble beneficio ya que sólo se les condena al reintegro del valor de la finca sin frutos o intereses. El pronunciamiento debe quedar redactado reconociendo a los demandados el derecho a cobrar de los demandantes $4,500 que los demandados descontarán de los $8,500 que deben satisfacer a los demandantes.''

La situación aquí es semejante. La corte sentenciadora no concedió al demandante su reclamación de frutos producidos por la finca de ochenta y una cuerdas, pero no pudo dejar de tomar en consideración el hecho en relación con los intereses reclamados por los demandados. Dentro de una compensación de intereses por frutos, es aparente que son los demandados los que resultan beneficiados, pues la finca valía más que el crédito.

■ Y en cuanto a equiparar la contrademanda con la demanda que hubiera tenido que iniciar Schlüter para cobrar de Crespo lo que éste le debía, a los efectos de justificar la imposición de la suma acordada en la escritura de hipoteca para costas en caso de reclamación judicial, no podemos convenir en que la analogía que pueda advertirse justifique la imposición de las costas. Las de este pleito se impusieron debidamente a los demandados porque la nulidad alegada por el demandante fué decretada por la corte y no sería equitativo que habiéndose aprovechado el demandado Schlüter del pleito para reclamar todo lo más a que tendría derecho si se resolvía a favor del demandante, que fué lo que hizo, se le reconozca también el derecho a percibir unas costas que se pactaron para el caso de una reclamación independiente.

*Por virtud de todo lo expuesto debe el recurso declararse sin lugar y confirmarse en todas sus partes la sentencia apelada.*