# SUCESIÓN NIEVES *v.* SUCESIÓN SÁNCHEZ.

## APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

### No. 676.—Resuelto en junio 21, 1911.

En este caso los Jueces Presidente Sr. Hernández y Asociado Sr. MacLeary, opinaron que debía desestimarse el recurso, y los Jueces Asociados Sres. Wolf y del Toro opinaron que debía considerarse el caso en su fondo y confirmarse la sentencia apelada.

APELACIÓN—CONFIRMACIÓN DE LA SENTENCIA APELADA EN CASOS DE EMPATE—SENTENCIA DEL TRIBUNAL SUPREMO.—No pudiendo los Jueces del Tribunal Supremo llegar a obtener acuerdo unánime o por mayoría de votos para resolver una apelación, y resultando empate en la votación por ausencia de uno de los jueces, queda firme la sentencia apelada.

OPINIÓN DEL JUEZ PRESIDENTE SR. HERNÁNDEZ EN LA CUAL ESTUVO CONFORME EL JUEZ ASOCIADO SR. MACLEARY.

DESESTIMACIÓN DE LA APELACIÓN—RESOLUCIONES INAPELABLES.—Son inapelables por no estar comprendidas en los casos que taxativamente enumera el artículo 295 del Código de Enjuiciamiento Civil, las resoluciones de las cortes de distrito resolviendo excepciones previas, y debe desestimarse todo recurso de apelación interpuesto contra tales resoluciones.

ID.—INTERPRETACIÓN DE ALEGACIONES—ESCRITO DE APELACIÓN.—Cuando las palabras son claras y no dejan duda sobre la intención del que las emplea, debe estarse al sentido literal de las mismas.

ID.—ESCRITO DE APELACIÓN—RESOLUCIÓN DE EXCEPCIONES PREVIAS.—Habiendo expresado la parte apelante en su escrito de apelación, que apelaba de la resolución de la corte declarando con lugar las excepciones previas de la parte demandada, es evidente que su intención fué de apelar contra la resolución que sostuvo la excepción previa, y no contra la sentencia que desestimó la demanda por el fundamento o como consecuencia de haberse declarado sin lugar la excepción previa.

RESOLUCIÓN DE EXCEPCIONES PREVIAS—SENTENCIA.—A tenor de la definición de sentencia contenida en el artículo 188 del Código de Enjuiciamiento Civil, la resolución u orden que sostiene una excepción previa no puede calificarse de sentencia.

RECURSO DE APELACIÓN—FUNDAMENTOS DE UNA SENTENCIA.—El recurso de apelación se da contra la parte dispositiva de una sentencia y no contra el fundamento de ella, aunque ese fundamento sea una orden declarando con lugar una excepción previa.

ID.—JURISDICCIÓN DEL TRIBUNAL SUPREMO—CONFORMIDAD DE LAS PARTES—APELACIÓN.—Aún en el supuesto de que las partes apelante y apelada estén con-

formes en que el recurso de apelación se ha interpuesto contra la sentencia definitiva y no contra la resolución declarando con lugar las excepciones previas, si del escrito de apelación aparece claramente que el recurso se ha interpuesto contra esta última, el Tribunal Supremo carece de jurisdicción para conocer del recurso, pues la conformidad de las partes no le da tal jurisdicción sino la real y positiva interposición del recurso.

REGLAS DE PROCEDIMIENTO—CONVENIOS PARTICULARES DE LAS PARTES.—Las reglas de procedimiento son obligatorias para todos los que intervienen en el juicio, y no cabe sustituirlas por conformidad o convenios particulares de las partes.

Los hechos están expresados en las dos opiniones emitidas.

Abogados del apelante: *Sres. Augusto Malaret y Sandalio Torres Monge.*

Abogados del apelado: *Sres. Bosch y Soto.*

OPINIÓN EMITIDA POR EL JUEZ PRESIDENTE SR. HERNÁNDEZ.

Con fecha 8 de julio del año próximo pasado la Sucesión de Agustina Nieves presentó demanda ante la Corte de Distrito del Distrito Judicial de San Juan, contra la Sucesión de Benito Sanchez García, alegando como hechos fundamentales de su acción, que los cónyuges Cleto Estrada y Agustina Nieves adquirieron durante su matrimonio dos fincas, y fallecida la Agustina, el viudo, sin liquidar la sociedad de gananciales ni formalizar la testamentaría de su difunta esposa, vendió dichas fincas a Benito Sánchez García por escritura de 14 de marzo de 1895; y en virtud de esos hechos, suplica la parte demandante se declare por sentencia la nulidad de la venta hecha por la expresada escritura, se condene a los demandados a entregar a los demandantes la mitad de las dos fincas y sus productos, y se ordene la cancelación de las inscripciones que de ellas se hubieren hecho en el registro de la propiedad, con las costas a los demandados.

La Sucesión demandada opuso a la demanda la excepción previa de que no aduce hechos suficientes para determinar una causa de acción, por cuanto ejercitándose una acción de nulidad de escritura otorgada en 14 de marzo de 1895, han transcurrido con exceso los cuatro años que fija el artículo

1268 del Código Civil, para que tal acción pueda ser ejercitada.

La corte sostuvo la excepción alegada, dictando una orden, que copiada a la letra dice así:

"Resolución.—A la demanda se ha interpuesto la excepción de que no aduce hechos bastantes para determinar una causa de acción, porque de la misma aparece que la acción de nulidad de contrato, de la cual depende la de reivindicación, está prescrita de acuerdo con el artículo 1268 del Código Civil. Teniendo en cuenta las alegaciones y las argumentaciones de los abogados, sostenemos dicha excepción, fundada en la prescripción de la acción de nulidad, y ordenamos se anote esta resolución como sentencia, con costas a los demandantes en el libro del secretario. San Juan, 19 de enero de 1911."

La sentencia dice así:

"Sentencia.—El día diez y seis de diciembre de 1910 y en corte abierta, se llamó este pleito a la vista de las excepciones previas de que la demanda no aduce hechos bastantes para una causa de acción, y comparecieron ambas partes por sus abogados, quienes leyeron sus alegaciones, y argumentaron oralmente en apoyo de las mismas. Y la corte, tomando en consideración dichas alegaciones y argumentaciones, declara que la ley está en favor de dicha excepción previa, la que sostenemos, y por tanto, se desestima la dicha demanda, con las costas a los demandantes. El secretario librará la correspondiente orden de ejecución. Pronunciada en corte abierta el día diez y nueve de enero de 1911, y registrada en la misma fecha."

La parte demandante interpuso recurso de apelación en los siguientes términos:

"Señor Secretario: Notifico a Ud. que apelamos para ante la Hon. Corte Suprema, de la resolución de esta corte de fecha 19 del actual, declarando con lugar las excepciones previas de la parte demandada. Sírvase tomar nota de ello a los efectos oportunos. San Juan, enero veinte y siete de mil novecientos once. (Firmado) A. Malaret, Abogado del demandante. Notificado con copia hoy 27 de enero de 1911. (Firmado) Bosch y Soto, Abogado de la demandada."

Ese es el recurso sometido a nuestra consideración.

Ante todo se hace necesario definir cuál es la materia u objeto del recurso, si la resolución de 19 de enero de 1911, o la sentencia de la misma fecha.

Desde luego no vacilamos en afirmar lo primero. La parte recurrente expresa que apela de la resolución declarando con lugar las excepciones previas de la parte demandada.

Cuando las palabras son claras y no dejan duda sobre la intención del que las emplea, debe estarse al sentido literal de las mismas. Las palabras empleadas por la parte apelante son claras, y no dejan duda de su intención de apelar contra la resolución que sostuvo la excepción previa, y no contra la sentencia que desestimó la demanda por el fundamento o como consecuencia de haberse declarado sin lugar la excepción previa. Difícilmente hubiera podido emplear palabras más propias y adecuadas para recurrir contra la orden de 19 de enero último.

No es propiamente la sentencia la que ha declarado sin lugar la excepción previa, sino la orden que precedió a la sentencia. La sentencia desestima la demanda con las costas a los demandantes, por haberse sostenido la excepción previa en dicha orden, y dictada ésta, holgaba declarar en la sentencia que la ley está en favor de la excepción previa.

Sentencia, según el artículo 188 del Código de Enjuiciamiento Civil, es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento. Resolución u orden que sostiene una excepción previa no puede calificarse de sentencia.

El recurso de apelación se da contra la parte dispositiva de una sentencia y no contra el fundamento de ella, aunque ese fundamento sea una orden declarando con lugar una excepción previa.

Ya se atienda a los términos en que aparece redactado el escrito de apelación, ya a los principios legales que dejamos consignados, es claro como la luz meridiana, que la resolución apelada es la orden de 19 de enero de 1911 que sostuvo la excepción fundada en la prescripción de la acción de

nulidad, y siendo ello así, es improcedente el recurso, pues la resolución que declara con o sin lugar una excepción previa, no está comprendida en caso alguno de los que taxativamente enumera el artículo 295 del Código de Enjuiciamiento Civil, al determinar las resoluciones de las cortes de distrito contra las que puede establecerse apelación para ante la Corte Suprema. Apelada la sentencia definitiva, lo que no se ha hecho en el presente caso, es que aquella resolución debería estimarse excepcionada por ministerio de la ley al tenor de lo que dispone el artículo 213 del Código citado, y a ella se haría extensiva también la jurisdicción del tribunal para confirmarla o revocarla.

Y no se diga que ambas partes, apelante y apelada, han admitido que el recurso ha sido interpuesto contra la sentencia definitiva al sostener respectivamente la revocación o confirmación de dicha sentencia, pues no es la conformidad de las partes la que da jurisdicción a la corte, sino la real y positiva interposición del recurso. Las reglas de procedimiento son obligatorias para todos los que intervienen en el juicio, y no cabe sustituirlas por conformidad o convenios particulares de las partes, según digimos en 29 de junio de 1906, al resolver el caso *Ex Parte* Margarita Hecht.

Deploramos no discutir el recurso en el fondo por falta de jurisdicción, en atención a no ser apelable la resolución recurrida.

Procede se desestime el recurso interpuesto contra la resolución que dictó la Corte de Distrito de San Juan en 19 de enero último.

OPINIÓN DEL JUEZ ASOCIADO SR. DEL TORO EN LA CUAL ESTUVO CONFORME EL JUEZ ASOCIADO SR. WOLF.

Acción Reivindicatoria—Nulidad del Título del Demandado—Casos en que es Necesario Ejercitar Previamente la Acción de Nulidad.—La doctrina legal de que cuando se ejercita la acción reivindicatoria contra personas que están en posesión de la cosa objeto del litigio en virtud de un título que se tenía por legítimo, es preciso que antes se pida la nulidad de éste, sólo tiene aplicación cuando la nulidad produce la acción, pero no cuando el derecho de reivindicar es independiente de ella.

ID.—ACCIÓN DE NULIDAD—TÍTULO DEL DEMANDANTE.—El que funda la acción reivindicatoria en un título independiente del de los poseedores, no está obligado a pedir y obtener la nulidad de éste para que prevalezca su acción.

ID.—BIENES GANANCIALES—LIQUIDACIÓN DE LA SOCIEDAD CONYUGAL.—No es título bastante para fundar la acción reivindicatoria, la adquisición de bienes durante la sociedad conyugal porque sin preceder la liquidación del haber común, no puede afirmarse la existencia del sobrante que corresponde por mitad a los cónyuges.

APELACIÓN—TÉRMINO GENÉRICO, "RESOLUCIÓN."—Teniendo en cuenta las circunstancias de este caso y que el término genérico "resolución" incluye sentencia, este tribunal no debe despojarse de su jurisdicción, porque el escrito de apelación consigne que se apela de la resolución, cuando correctamente debió decir de la sentencia, sino por el contrario, debe entrar a conocer del recurso y a resolverlo por sus propios méritos.

La Sucesión de Agustina Nieves entabló demanda en la Corte de Distrito de San Juan que tituló de "reivindicación de partición de dos fincas rústicas con sus frutos y nulidad de inscripciones," alegando los siguientes hechos:

"Primero. Que al igual que los demandados residen en este distrito judicial y tienen capacidad para demandar y ser demandados, obligarse y ser obligados.

"Segundo. Que Cleto Estrada y Agustina Nieves, se casaron en Loíza en ocho de junio de mil ochocientos sesenta y siete dejando por sus únicos y universales herederos, a sus cuatro hijos nombrados Margara, Clara, Gumersinda y Juan Estrada Nieves.

"Tercero. Que Margara murió dejando por sus únicos y universales herederos a sus hijos legítimos Antero, Leonor, Leocadia, Pedro y Juana, el primero mayor de edad y los otros menores representados por su padre legítimo el viudo Gavino Tirado, los cuales, en unión de Clara, Gumersinda y Juana Estrada Nieves son los demandantes en esta acción.

"Cuarto. Que dentro del matrimonio, Cleto Estrada y Agustina Nieves, adquirieron por escrituras de diez y ocho de abril de mil ochocientos ochenta, otorgadas ante el notario que fué de la Carolina Don Juan Bolet Durán, de Pascasio Calderon y de Matías Tirado las dos fincas siguientes:

"Once cuerdas de terreno en el barrio de Lomas, partido de Loíza circunscrita bajo cuatro piquetes de jobo, colindando por el norte con Angela Pérez; al sur, el comprador; al este, Pedro Gómez; y al oeste, Máximo Tirado.

"Cinco cuerdas radicadas en el barrio de Lomas, circunscrita bajo

cuatro piquetes de jobo y colindante por el norte con Angela Pérez;
al sur, Cayetana Rodríguez; al este, Pedro Gómez; y al oeste, Nico-
lás C. Nieves.

"Quinto. Que ambas parcelas fueron cultivadas y fomentadas de
café y varios frutos menores por los esposos Estrada Nieves.

"Sexto. Que fallecida la consorte Agustina, el viudo Cleto Es-
trada sin liquidar la sociedad de gananciales ni formalizar como debió,
la testamentaría de su difunta esposa, entregando a cada hijo su par-
ticipación hereditaria, maliciosamente vendió las dos fincas descritas,
como si a él sólo hubieran pertenecido, a Don Benito Sánchez García,
comerciante, quien también obró de mala fe en la compraventa que
tuvo lugar por escritura de catorce de marzo de mil ochocientos no-
venta y cinco, pasada ante el Notario Don Leandro Lara Tomé, ins-
crita ilegalmente en el registro de la propiedad.

"Séptimo. Que desde la expresada fecha catorce de marzo de mil
ochocientos noventa y cinco, primero Don Benito Sánchez, y después
sus sucesores, se han venido beneficiando de la totalidad de las dos
fincas descritas, cuyos productos, salvo el juicio de peritos, se calculan
en trescientos dollars anuales líquidos.

"Octavo. Que Don Benito Sánchez García falleció en Loíza, de-
jando por sus únicos y universales herederos a sus hijos Francisca,
Josefa y Pina, mayores de edad; Carmen, Isabel, Julia, Benito y
José, menores representados por su legítima madre la viuda Delfina
Castro, residentes todos en este distrito judicial, cuyos herederos se
encuentran en posesión de las fincas descritas y son los demandados
en esta acción."

La sucesión demandada opuso a la demanda la excepción
de que no aducía hechos suficientes para determinar una causa
de acción.   (Art. 105, No. 6, del Código de Enjuiciamiento
Civil.)

Y la corte, después de oídas ambas partes, dictó la si-
guiente resolución que fué registrada como sentencia:

"A la demanda se ha interpuesto la excepción de que no aduce
hechos bastantes para determinar una causa de acción, por que de la
misma aparece que la acción de nulidad de contrato, de la cual de-
pende la de reivindicación, está prescrita de acuerdo con el artículo
1268 del Código Civil.

"Teniendo en cuenta las alegaciones y las argumentaciones de los
abogados, sostenemos dicha excepción, fundada en la prescripción de la

acción de nulidad y ordenamos se anote esta resolución como sentencia, con costas a los demandantes en el libro del secretario.''

Contra la resolución de la corte se interpuso el presente recurso de apelación en el cual comparecieron ambas partes y discutieron en su fondo la cuestión planteada.

En los autos aparecen así la resolución de la corte que hemos transcrito como la sentencia registrada el mismo día. El escrito de apelación consigna que se apela de la resolución, cuando correctamente debió decir de la sentencia; pero, atendidas las circunstancias de este caso y a que el término genérico *resolución* incluye *sentencia*, creemos que ésta fué suficientemente identificada y que este tribunal no debe despojarse de su jurisdicción, sino por el contrario entrar a conocer del recurso y a resolverlo por sus propios méritos.

Estudiado cuidadosamente el caso, no podemos estar conformes con el fundamento de la sentencia apelada.

La acción ejercitada por la demandante es la de reivindicación, independiente de la de nulidad del título de la demandada.

''La doctrina legal de que cuando se ejercita la acción reivindicatoria contra personas que están en posesión de la cosa objeto del pleito en virtud de un título que se tenía por legítimo, es preciso que antes se pida la nulidad de éste, sólo tiene aplicación cuando la nulidad produce la acción, pero no cuando el derecho de reivindicar es independiente de ella. (Sent. del T. S. de E. de 16 de octubre de 1873.)

''Fundándose la acción reivindicatoria en un derecho reconocido como preexistente al del título que ostenta el demandado, es innecesario pedir previa y separadamente la nulidad de dicho título, porque no nacía de ella la acción del demandante, sino que es consecuencia de la que ha deducido. (Sent. del T. S. de E. de 17 de enero de 1889.)

''Es inaceptable el principio de que no puede entablarse la acción reivindicatoria contra poseedor que tiene título más o menos firme inscrito en el registro de la propiedad sin que preceda otra acción que, conforme a derecho sea adecuada para destruirlo, cuando la entablada no tiene otro objeto que el de perseguir el inmueble que el

demandante reclama como dueño, pero no en el concepto de que el título del demandado sea más o menos eficaz. (Sent. del T. S. de E. de 6 de abril de 1889.)

"El que funda la acción reivindicatoria en un título independiente del de los poseedores, no está obligado a pedir y obtener la nulidad de éste para que prevalezca su acción. (Sent. del T. S. de E. de 13 de febrero de 1892.)"

Pero, si bien la sentencia apelada no se sostiene por el fundamento que tuvo el juez para dictarla, siempre será necesario llegar a la conclusión de que debe confirmarse por estar sostenida por otro fundamento, esto es, por el de que ejercitándose como se ejercita la acción reivindicatoria, la sucesión demandante no alega un título claro y preciso a los bienes que reclama.

"No es título bastante para fundar la acción reivindicatoria la adquisición de bienes durante la sociedad conyugal, porque sin preceder liquidación de haber común, no puede afirmarse la existencia de un sobrante que corresponde por mitad a los cónyuges.

"Si bien las leyes 1ª., tít. 3°. y 4°., tít. 4°., libro 10 de la Novísima Recopilación declaran gananciales lo adquirido durante la vida en común de los cónyuges, esto se entiende respecto al saldo que resulte, deducidas las bajas, cuyo pago es preferente." (Sent. del Trib. Sup. de España de 11 de mayo de 1889; 65 Jurisprudencia Civil, 698.)

Véase además el caso de *Fernández* v. *Velázquez*, decidido por esta Corte Suprema el 9 de junio actual, y la sentencia del Tribunal Supremo de España de 13 de junio de 1901, citada en el mismo.

La demanda no contiene una sola alegación precisa con respecto a que la exacta mitad de las fincas descritas en la demanda pertenezca a la sucesión demandante, basándose solamente en la teoría de que habiendo sido adquiridas tales fincas a título oneroso durante el matrimonio, la mitad correspondía a cada uno de los cónyuges y por consiguiente a la sucesión demandante que comparece como heredera de

uno de ellos.  Pero esto como ya se ha dicho, no es título suficiente por sí solo para una acción como la reivindicatoria en que es necesario alegar un título claro, perfecto y preciso.  La misma demandante alega en su demanda que no se liquidó la sociedad de gananciales al morir su causante y si esto es así, no es posible saber si existieron o no ganancias en tal sociedad.

Por tales razones opinamos que el recurso debe declararse sin lugar y confirmarse la sentencia apelada.

Estoy autorizado para decir que el Sr. Juez Asociado Wolf está conforme con esta opinión.

*Confirmada.*

El Juez Asociado Sr. Aldrey no tomó parte en la resolución de este caso.