CRUZ, DEMANDANTE Y APELADO, *v.* SUCESIÓN DE GREGORIO KUINLAN, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre nulidad de procedimiento hipotecario.

No. 2381.—Resuelto en julio 23, 1921.

NULIDAD DE PROCEDIMIENTO EJECUTIVO HIPOTECARIO—JURISDICCIÓN DE LAS CORTES DE DISTRITO.—Siendo de la exclusiva jurisdicción de las cortes de distrito el conocimiento de los juicios ejecutivos hipotecarios, independientemente de la cuantía de la reclamación, es claro que ellas tienen jurisdicción exclusiva en pleitos sobre nulidad de procedimiento ejecutivo hipotecario cualquiera que sea la cuantía envuelta en la ejecución.

PRESCRIPCIÓN DE ACCIONES—NULIDAD DE CONTRATOS Y PROCEDIMIENTOS.—El precepto del artículo 1268 del Código Civil al efecto de que las acciones para pedir la nulidad de los contratos en que concurran los requisitos del artículo 1228, prescribirán a los cuatro años, no es aplicable a la acción de nulidad de los contratos que son nulos *per se* por falta de alguno de aquellos requisitos, y mucho menos a una acción para obtener la nulidad de un procedimiento.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. I. Carballeira.*

Abogado de la apelante: *Sr. L. Méndez Vaz.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En el pleito promovido en la Corte de Distrito de Arecibo por Agustín Cruz contra la Sucesión de Gregorio Kuinlan se alega que éste presentó demanda por el procedimiento sumario de la Ley Hipotecaria y su Reglamento ante la Corte

Municipal de Manatí contra el ahora demandante Agustín Cruz para hacer efectivo un crédito hipotecario constituído por trescientos pesos provinciales; que en dicho procedimiento fueron sacadas a remate las dos fincas hipotecadas, las que fueron adjudicadas y vendidas por el marshal de dicha corte a Gregorio Kuinlan en .pago de su crédito, en el año 1910; que dicha venta fué inscrita en el registro de la propiedad y que la Corte Municipal de Manatí carecía de jurisdicción para conocer de tal procedimiento por lo que es nulo y también la venta que en él se hizo, por todo lo que pidió a la corte de distrito que declarando la nulidad de dicho procedimiento y de la venta ordene al registrador que cancele la inscripción que de las fincas hizo a favor de Gregorio Kuinlan.

Los demandados opusieron excepción previa a la demanda fundada en que la corte de distrito no tiene jurisdicción para conocer de ella y en que no aduce hechos determinantes de causa de acción.

La corte inferior dictó resolución declarando sin lugar ambos motivos de la excepción previa y concediendo al demandado término para contestar, pero habiéndolo renunciado los demandados dispuso la corte que dicha resolución se registrara como sentencia y entonces los demandados establecieron este recurso de apelación.

Alegan los apelantes en el primer motivo de error que la corte de distrito infringió la sección 4 de la ley aprobada en 10 de marzo de 1904 sobre reorganización del poder judicial en Puerto Rico y las sentencias de esta Corte Suprema de 11 de julio de 1913 y 3 de mayo de 1911. Estas sentencias son las de *Valdivieso* v. *Rivera,* 19 D. P. R. 702, y *Bayron* v. *García,* 17 D. P. R. 538.

Dispone la sección 4 de la ley antes citada que los jueces municipales tendrán jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusives, pero esta ley no ha sido infrin-

gida en este caso porque tratándose de la nulidad de un juicio ejecutivo hipotecario seguido ante la Corte Municipal de Manatí, para el cobro de una hipoteca y correspondiendo el conocimiento de esta clase de asuntos exclusivamente a las cortes de distrito, aunque la cuantía de la reclamación sea inferior a quinientos dólares, según hemos declarado en el caso de *Valdivieso* v. *Rivera, supra,* resulta claro que el pleito sobre nulidad de un procedimiento de esa índole ha de corresponder necesariamente a la corte de distrito irrespectivamente de la cantidad reclamada en el procedimiento cuya nulidad se pretende.   Así fué resuelto también por este Tribunal Supremo en el caso de *Bayron* v. *García, supra,* en el que se pidió en la corte de distrito la nulidad de un procedimiento hipotecario seguido en una corte municipal para el cobro de trescientos noventa dólares y declaramos que la corte de distrito tenía jurisdicción para conocer del pleito de nulidad.

La referencia que acabamos de hacer de los dos casos citados por los apelantes demuestra que no ha sido infringida la doctrina en ellos expuesta.

El segundo motivo de error se refiere a la infracción del artículo 1268 del Código Civil.

Ese artículo se halla en capítulo que trata de la nulidad de los contratos y dispone que la acción de nulidad sólo durará cuatro años, y fundándose en él los apelantes y en que la venta tuvo lugar en el año 1910 alegan que la acción para pedir su nulidad está prescrita por haber sido presentada la demanda después de los cuatro años.

El tiempo de prescripción fijado en ese precepto es, como dice el artículo precedente 1267, para los contratos en que concurren los requisitos del artículo 1228, o sea en los que hay consentimiento, objeto y causa, si adolecen de algunos de los vicios que los invaliden con arreglo a la ley; pero dicho término de prescripción no es aplicable a este caso porque alegándose que la Corte Municipal de Manatí no tenía

jurisdicción para conocer del procedimiento en que el marshal verificó la venta, nunca tuvo la corte jurisdicción sobre el demandado Agustín Cruz y la venta de sus bienes era completamente nula por falta de consentimiento y no meramente anulable. Además, ese precepto se refiere a la nulidad de los contratos y no a la acción de nulidad de los procedimientos. *Sucesión Suro* v. *Sucesión Prado,* 21 D. P. R. 250; *Oliver* v. *Oliver,* 23 D. P. R. 190.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.