AMY, DEMANDANTE Y APELANTE, *v.* SUCESIÓN VERGES, DEMAN-
DADA Y APELADA.

· No. 3042.—*Visto:* Diciembre 7, 1923.  *Resuelto:* Junio 16, 1924.

REIVINDICACIÓN—CONTRATO INEXISTENTE—PRESCRIPCIÓN ORDINARIA.—Alegando la
demanda de reivindicación que la venta que previa autorización judicial hizo
el padre de los demandantes al causante de los demandados, de una finca
perteneciente a los menores hijos de aquél fué simulada, sin beneficio para
los menores y al solo fin de garantizar una cuenta que debía el supuesto ven-
dedor al supuesto comprador, es preciso concluir que se alega la inexistencia
de un contrato, en cuyo caso no puede oponerse la defensa de prescripción
ordinaria.

SENTENCIA de *Gabriel Castejón,* J. (Guayama), declarando sin lugar
la demanda, con costas. *Revocada y devuelto el caso.*

*J. Texidor,* abogado de la apelante; *T. Bernardini* y *M. A. Martínez,*
abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

Como en este caso. la apelación se establece contra una
sentencia dictada después de declararse con lugar una ex-
cepción previa a la demanda, resumiremos los' hechos esen-
ciales de esta última.  Los demandantes son los herederos
mayores de edad de Enrique Amy Pareño, pero tratan de
reivindicar cierta finca descrita en la demanda que hereda-
ron de su madre.  Los demandados están en posesión de la
referida finca como herederos de Eugenio Marcelino Verges.
En el año 1886, Amy debía a Verges la suma de $6,000 y
en pago aparente de esa deuda Amy por escritura pública
vendió a Verges una finca rústica denominada "Aguama-
nil."  Esta no es la finca objeto de este pleito.  El alegado
traspaso de "Aguamanil" si bien representa ser una venta,
fué meramente la garantía de la deuda de $6,000, como lo
comprueba un documento privado que se transcribe en la de-
manda, en el cual Verges no sólo reconoce que está en pose-
sión de la propiedad como garantía de la deuda, sino que
también da instrucciones a sus albaceas de traspasarla a la
esposa de Amy al verificarse el pago de la cantidad que en-
tonces Amy debía a Verges.  La anterior indicación res-

pecto a la finca "Aguamanil" no es importante en sus por-
menores para la resolución del caso, pero forma parte de
los antecedentes.  Sería bastante con decir que Amy tras-
pasó una propiedad absoluta en forma a Verges, pero en rea-
lidad como garantía de una deuda y entonces substituyó, o
trató de substituir dicha finca por otra propiedad.

"Aguamanil" fué traspasada nuevamente a Amy y éste
hizo el traspaso sustituído absoluto en su forma, pero a la
vez en garantía de la deuda la cual es objeto de estos pro-
cedimientos.  El día 12 de marzo de 1895, por escritura pú-
blica Amy aparecía vendiendo a Verges la finca reclamada
ahora por los demandantes.  La propiedad en esa fecha per-
tenecía indiscutiblemente a los demandantes por herencia de
su madre, hecho que era bien conocido del causante de los
demandados como se indica en la demanda.  De acuerdo
entonces con su anterior contrato con Verges, Amy como
padre de los demandantes compareció ante una corte com-
petente solicitando por motivos de utilidad y necesidad au-
torización judicial para vender la indicada finca.  Su peti-
ción se fundaba en hechos que se relacionan con la deuda
de Verges.  Otra vez, según se transcribe en la demanda,
se hizo un contrato privado en el cual Amy y Verges con-
vinieron en que el traspaso no era una venta sino una mera
garantía de la deuda.

Pasa entonces la demanda a hacer constar la agrupación
de la finca, el disfrute continuado de ella por los demanda-
dos, que los demandantes nunca ratificaron o consintieron la
venta o traspaso de dicha propiedad y que jamás recibieron
ninguna parte del precio de venta de la propiedad.

Ninguna consideración para el alegado traspaso de marzo
12 de 1895 medió entre el causante de los demandados y los
dueños de la finca, menores entonces.  La cancelación o ga-
rantía de la deuda que existía de Amy para con Verges no
era una causa que se transmitía a los demandantes.  Sólo
podía existir color de causa por razón de la manifestación
expresa hecha en dicha escritura en la cual se consigna una

causa, pero los mismos demandados niegan cualquier intención de confiar en esta falsa declaración. Fundan uno de sus principales argumentos en el artículo 1243 del Código Civil, el cual dispone que la expresión de una causa falsa en un contrato dará lugar a la nulidad si no se probase que estaba fundada en otra verdadera y lícita. En otras palabras, los demandados sostienen en efecto, que la extinción o garantía de la deuda pendiente de Amy para con Verges fué la verdadera causa.

Se hacen citas de varias autoridades y en primer lugar del caso de *Amy* v. *Amy*, 15 D.P.R. 415. En ese caso, sin embargo, existió meramente una expresión falsa. La propiedad pertenecía a la persona que la traspasaba y la causa se trasmitió a ella. No hubo duda en ninguno de los casos citados del pretendido traspaso de una finca que pertenece a una persona debido a una causa que se transmite a otro. En su capacidad representativa como padre de los demandantes el referido Amy sólo tenía derecho a vender la indicada finca por una causa que pasa a sus hijos o a él mismo como su representante. El no tenía derecho a vender la propiedad por una causa que se admite se transmitió a él exclusiva y personalmente. No dudamos de la actual buena fe de Amy o Verges, pero cuando Amy obtuvo autorización judicial para la venta de la propiedad a fines·de utilidad y necesidad y entonces la traspasó en garantía de una deuda suya, se engañó a la corte y se perpetró un fraude contra los herederos menores.

La pretendida transacción en el año 1895 podría denominarse una novación frustrada. El artículo 1175 del Código Civil prescribe lo siguiente:

"Art. 1175.—Cuando la obligación principal se extinga por efecto de la novación, sólo podrán subsistir las obligaciones accesorias en cuanto· aprovechen a terceros que no hubiesen prestado su consentimiento."

Amy no podía, en su capacidad representativa, cancelar la obligación principal o sea su misma deuda mediante un

traspaso de la finca de sus hijos que no obtuvieron ningún beneficio. La corte de distrito declaró que era válido el contrato y a la vez que la acción para su nulidad había prescrito. El contrato era inexistente y todos los hechos que constituyen su absoluta nulidad eran conocidos de todas las partes.

Por tanto, aunque a esta acción se titula de nulidad y reivindicación, los derechos de los demandantes no dependen de una declaración judicial de dicha nulidad; pero la reivindicación procede de igual modo que si no se hubiera celebrado el contrato de 1895, y deben desestimarse las varias alegaciones de prescripción contenidas en la excepción previa. No fué alegada la prescripción extraordinaria y no procede, y no podía surgir la prescripción adquisitiva toda vez que no se fundaba en un justo título ni en la buena fe en el sentido legal.

*Debe revocarse la sentencia, desestimarse la resolución* declarando con lugar la excepción previa a la demanda, y *devolverse* el caso para ulteriores procedimientos no incompatibles con esta opinión.