La Sucesión de José S. Mandés Cintrón, compuesta de su Viuda María Ortiz Muñoz, su hijo legítimo José S. Mandés Ortiz y sus hijos naturales reconocidos José Juan y José Alejandro Mandés, demandante-apelada-apelante, *v.* La Sucesión de Alfonso G. Agüero Vázquez, compuesta por su Viuda Adelina Capó Núñez y los hijos legítimos María Adelina, Rosa Dolores, Alfonso María, Adelina del Carmen y Alberto Rafael Agüero Capó, demandada-apelante-apelada.

No. 5090.—*Resuelto:* Marzo 30, 1932.

*Tous Soto & Zapater,* abogados de la demandante-apelante; *R. Rivera Zayas* y *A. L. López,* abogados de la demandada-apelada.

EN MOCION DE RECONSIDERACION

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Según reseñamos en nuestra opinión original, se trata de un ataque a un procedimiento ejecutivo por dos funda-

mentos, a saber, que uno de los herederos de Mandés no había sido hecho parte, y que al tiempo de efectuarse la venta en pública subasta la acreedora Passalacqua Hnos. & Cía. no era dueña del crédito hipotecario. Se ha presentado una moción de reconsideración.

Respecto a la cesión, poco tenemos que agregar a nuestra opinión original, salvo decir que estamos convencidos de que los demandados eran terceros, y los demandantes no nos convencen en forma alguna de que al tiempo de efectuarse la subasta ninguno de los demandados supiera o tuviera conocimiento de que Passalacqua Hnos. & Co. no era la dueña; es decir, que aun suponiendo que el procedimiento hipotecario original fuera nulo o anulable, ese defecto no constaba del registro.

■■■ Los demandantes insisten en que cuando se instituye un procedimiento de reivindicación para recobrar una finca, todo lo que el demandante necesita hacer es demostrar que tiene el título o que el causante lo tenía, y que entonces el peso de la prueba recae sobre el adquirente en la subasta para demostrar que la venta fué efectuada en debida forma. Esto tal vez sería cierto si la subasta misma no hubiera sido inscrita en el registro de la propiedad. Con tal inscripción el peso recae, o permanece, en el demandante para demostrar que la inscripción fué indebidamente hecha o que la subasta estaba sujeta a ser anulada. Lo que ocurrió en este caso fué, en realidad, que la sucesión Mandés, que sucedió a éste en sus derechos, se componía de su viuda, de dos hijos naturales y de José S. Mandés Ortiz, que era un hijo legítimo. En los certificados librados por varios registradores de la propiedad se hace la aseveración o las aseveraciones de que la venta fué efectuada en contra de la sucesión Mandés, compuesta de su viuda y dos hijos naturales. No se menciona a José S. Mandés Ortiz como parte de dicha sucesión. Ocurrió durante el juicio que todos los documentos del procedimiento hipotecario se habían perdido y que no había indicios de los mismos. Por tanto, uno no

podía realmente saber cómo se tramitó el procedimiento ejecutivo original, o si José S. Mandés Ortiz fué en verdad hecho parte en el mismo. *Non constat* que a él se le hiciera tal parte, en caso de que fuera necesario, y puede ser sin embargo que la transcripción en el registro no fuera una transcripción fiel de lo que en realidad sucedió en el procedimiento.

Repetimos lo que dijimos en nuestra opinión original que el procedimiento hipotecario no es uno contencioso en el sentido ordinario, de suerte que en realidad no hay partes, sino que lo que hay es un requerimiento a los deudores o a la persona a cargo de la propiedad, según sea el caso. Además, como no tenemos ante nos el procedimiento ejecutivo, a diferencia del caso de *Arvelo* v. *Banco Territorial y Agrícola,* 25 D.P.R. 728, no podemos decir que el requerimiento no fuera hecho a la persona a cargo de la propiedad. Todo lo que la inscripción originalmente demostraba era la aseveración de que la ejecución de la hipoteca se había llevado a cabo contra la sucesión de José S. Mandés, compuesta de su viuda y de dos hijos naturales. Aparentemente, ésta era una descripción perfecta. No obstante, el registrador de la propiedad inscribió la escritura con el defecto subsanable de que la finca jamás había sido inscrita a nombre de dicha sucesión. Esta resolución del registrador fué apelada y revocada por esta corte en el caso de *Passalacqua Hnos.* v. *Registrador,* 6 D.P.R. 86, (1ª. ed.); p. 42, (2ª. ed.)

Lo que aparecía en el registro era solamente una relación hecha por el registrador de las personas que componían la sucesión, mas no que los procedimientos no fueron debidamente iniciados y seguidos. Cualquier persona que adquiriera en la subasta no podía saber por el registro de ningún defecto en la inscripción, y una vez más los demandados eran, hasta que se siguiera el debido procedimiento, terceros en lo que concernía a cualquier defecto en el procedimiento ejecutivo. Esto desde luego no milita contra nuestra resolución en el caso de *Anaud* v. *Martínez,* 40 D.P.R.

669, de que la mera inscripción por sí sola no hace que el título de las personas que adquieren la propiedad sea bueno, sino que, ello no obstante, incumbe a la persona que ataca la inscripción demostrar que el procedimiento ejecutivo fué en verdad nulo e írrito.

■ Lo que el caso de Anaud, y su confirmación, deciden es que la Ley Hipotecaria reserva al deudor el derecho a anular el procedimiento ejecutivo hipotecario. Sin tal anulación los terceros están protegidos a virtud de los artículos 33 y 34 de la Ley Hipotecaria. Una venta en ejecución de hipoteca debidamente inscrita es válida hasta que sea anulada. El artículo 34 protege a terceros con la excepción contenida en la Ley Hipotecaria misma, incluyendo el artículo 175 del Reglamento.

Tampoco importa que los demandantes en su demanda alegaran que no se hizo parte demandada en el procedimiento ejecutivo a José S. Mandés Ortiz, ya que conforme hemos indicado y según han insistido los demandados, en un procedimiento ejecutivo no hay partes en puridad de verdad. El resultado no es *res adjudicata,* según demuestra el caso de Anaud. La jurisdicción y una venta válida pueden surgir sin que se notifique el requerimiento a determinado heredero. Por tanto, el demandado no quedaba obligado por haber dejado de negar la alegación contenida en la demanda. La alegación de que no se hizo parte a José Mandés Ortiz no excluía la posibilidad de que se hiciera el debido requerimiento. También deseamos llamar la atención hacia el hecho de que el registro no demostraba auténticamente quiénes eran los herederos de José S. Mandés Cintrón, causante de los demandantes en este caso.

■ Estas consideraciones son aplicables a un pleito de reivindicación como el presente. Sin embargo, podemos decir de paso que nos parece que el artículo 175 del Reglamento tiene por mira un pleito para anular el procedimiento ejecutivo. La fraseología del artículo 175 es como sigue:

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo."

Con las palabras "incluso las que versaren sobre nulidad del título o de las actuaciones", el legislador aparentemente tuvo en mente un pleito sobre nulidad de procedimiento ejecutivo y no una acción reivindicatoria.

Los demandantes, que han logrado recobrar dos parcelas de terreno, nos pidieron hace algún tiempo que remitiésemos el mandato a la corte de distrito, pero hemos creído más prudente resolver el caso en su totalidad, aunque los demandados no hayan apelado o presentado una moción de reconsideración.

*Debe declararse sin lugar la moción de reconsideración.*
El Juez Asociado Señor Hutchison disintió.\*