LA SUCESIÓN DE AMADOR TRÍAS SILVA, compuesta de su Viuda ADELA DUFFRENT y de sus hijos ARTURO, MIGUEL ANGEL, ESTELA, JOSÉ A. y JOSEFA MATILDE TRÍAS DUFFRENT, demandante y apelante, *v.* PORTO RICO LEAF TOBACCO COMPANY; LA SUCESIÓN DE MODESTO MUNITIZ, compuesta de su Viuda JOSEFA MUÑOZ y de sus hijos JOSÉ, LUCILA y DOLORES MUNITIZ MUÑOZ; SATURNINA PABÓN, MANUEL GONZÁLEZ MARTÍNEZ, MANUEL PÉREZ DÍAZ, BALTAZAR MENDOZA, FERNANDO MENDOZA y RAFAEL OSUNA, demandados y apelados.

Núm. 6639.—*Sometido:* Mayo 28, 1935.  *Resuelto:* Mayo 29, 1936.

92

*A. J. Amadeo,* abogado de la apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de la apelada Porto Rico Leaf Tobacco Co.; *M. Marcos Morales,* abogado de la Sucn. Munitiz; *Félix Ochoteco, Jr.,* abogado de los apelados Sres. Mendoza y Osuna.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los demandantes en una acción reivindicatoria, apelan de una sentencia que declaró sin lugar la demanda luego de celebrado el juicio en los méritos. En 1896 Amador Trías Silva otorgó hipoteca a favor de Modesto Munitiz. Más tarde, Munitiz traspasó la hipoteca a la Porto Rico Leaf Tobacco Company. Trías falleció en 1900. Los demandantes son sus herederos. En 1907 la Porto Rico Leaf Tobacco Co. inició procedimiento ejecutivo sumario en la Corte de Distrito de Guayama contra Trías. El Juez de la Corte de Distrito de Guayama creyéndose estar incapacitado remitió el caso a la Corte de Distrito de San Juan. La finca hipotecada estaba situada en el distrito judicial de Guayama. La Corte de Distrito de San Juan ordenó la expedición de un requerimiento de pago dirigido a Trías. En una estipulación celebrada por los demandantes y la Porto Rico Leaf Tobacco Co. se convino en que de conformidad con la última orden mencionada se había librado un auto decretando la notificación del requerimiento de pago a Trías y que el submárshal de la Corte de Distrito de San Juan había devuelto dicho mandamiento con un certificado al efecto de que había notificado el requerimiento de pago a Trías en determinado sitio en San Juan, mencionado como la residencia de Trías.

La teoría de la demanda fué que siendo el procedimiento ejecutivo sumario enteramente nulo y apareciendo este hecho claramente del Registro de la Propiedad, ni el título de Trías a la finca hipotecada ni el título de los demandantes a la misma habían sido afectados en forma alguna por dicho procedimiento o por los traspasos subsiguientes de la finca. Se solicitaba sentencia: declarando absolutamente nulo e inexistente el procedimiento ejecutivo sumario; declarando nula, inexistente e ineficaz la subasta realizada por el márshal a favor de Modesto Munitiz, así como también las sucesivas transferencias hasta sus actuales poseedores; ordenando sean canceladas las inscripciones de dichos traspasos en el Registro de la Propiedad de Guayama; declarando que la finca descrita en el párrafo cuarto de la demanda era de la propiedad de los demandantes a los que correspondían los frutos y utilidades y condenando a sus actuales poseedores a devolverles dicha finca con los frutos producidos desde las fechas de sus respectivas adquisiciones.

El juez de distrito (basándose en *Sucn. Mandés* v. *Sucn. Agüeros*, 43 D.P.R. 296; *Pueblo* v. *Riera*, 27 D.P.R. 15; *Menéndez* v. *Cobb*, 28 D.P.R. 779 y *Gutiérrez Viuda de Crosas* v. *Longpré*, 44 D.P.R. 679) resolvió: Que debe preceder a la acción reivindicatoria la acción sobre nulidad del procedimiento ejecutivo hipotecario; que la acción de nulidad no habiendo sido instada dentro de los quince años después de la fecha en que el márshal otorgó escritura a favor de Munitiz, había prescrito a virtud del artículo 1864 del Código Civil (edición de 1930); que no habiendo sido presentada en evidencia una copia certificada de las constancias del registro de la propiedad ni habiendo sido ofrecida otra evidencia para demostrar que los supuestos defectos jurisdiccionales aparecían claramente del registro de la propiedad, todos los demandados, con excepción de la Porto Rico Leaf Tobacco Co., eran terceros y como tales tenían derecho a acogerse a la protección del artículo 34 de la Ley Hipotecaria.

■ De una opinión emitida por el Juez Asociado Sr. del Toro, hace un cuarto de siglo, con la cual concurrió el Juez Asociado Sr. Wolf (*Sucn. Nieves* v. *Sucn. Sánchez*, 17 D.P.R. 876, 879) tomamos el siguiente extracto:

"La acción ejercitada por la demandante es la de reivindicación, independiente de la de nulidad del título de la demandada.

" 'La doctrina legal de que cuando se ejercita la acción reivindicatoria contra personas que están en posesión de la cosa objeto del pleito en virtud de un título que se tenía por legítimo, es preciso que antes se pida la nulidad de éste, sólo tiene aplicación cuando la nulidad produce la acción, pero no cuando el derecho de reivindicar es independiente de ella. (Sent. del T. S. de E. de 16 de octubre de 1873.)

" 'Fundándose la acción reivindicatoria en un derecho reconocido como preexistente al del título que ostenta el demandado, es innecesario pedir previa y separadamente la nulidad de dicho título, porque no nacía de ella la acción del demandante, sino que es consecuencia de la que ha deducido. (Sent. del T. S. de E. de 17 de enero de 1889.)

" 'Es inaceptable el principio de que no puede entablarse la acción reivindicatoria contra poseedor que tiene título más o menos firme inscrito en el registro de la propiedad sin que proceda otra acción que, conforme a derecho sea adecuada para destruirlo, cuando la entablada no tiene otro objeto que el de perseguir el inmueble que el demandante reclama como dueño, pero no en el concepto de que el título del demandado sea más o menos eficaz. (Sent. del T. S. de E. de 6 de abril de 1889.)

" 'El que funda la acción reivindicatoria en un título independiente del de los poseedores, no está obligado a pedir y obtener la nulidad de éste para que prevalezca su acción. (Sent. del T. S. de E. de 13 de febrero de 1892.)' "

Cuatro años más tarde esta corte expresó una opinión unánime en el sentido de que un caso como el de autos claramente cae dentro de la excepción a la regla general y no dentro de la regla misma. *Oliver* v. *Oliver*, 23 D.P.R. 181 *et seq.* Se llegó a esta conclusión con la ayuda de competentes letrados a ambos lados de la cuestión después de amplia discusión y profunda deliberación.

Véanse también: *Pueblo v. Dimas,* 18 D.P.R. 1061; *Arvelo* v. *Banco Territorial,* 25 D.P.R. 728; *Pueblo* v. *Sucn. Valdés,* 31 D.P.R. 223; *Amy* v. *Sucn. Verges,* 33 D.P.R. 372; *González et al.* v. *Fumero et al.,* 38 D.P.R. 556, 570; *Monrozeau* v. *Amador,* 40 D.P.R. 132, 138; *Cintrón Parra* v. *Yabucoa Sugar Co.,* 42 D.P.R. 692; *García León .v. Sucn. Dávila,* 45 D.P.R. 165; *Solá* v. *Castro,* 32 D.P.R. 804, 811; *Doucet* v. *Fenelón,* 120 La. 18; *Beland* v. *Gebelin,* 46 La. Ann. 326; *Mays* v. *Witkowsky,* 46 La. Ann. 1475; *Bledsoe* v. *Erwin,* 33 La. Ann. 615.

■ Una acción encaminada a establecer la nulidad absoluta de un procedimiento ejecutivo sumario no prescribe por el transcurso de 15 años por las mismas razones que justifican la conclusión de que tal acción no prescribe por el transcurso de cuatro años. Véanse *Sucn. Suro* v. *Sucn. Prado,* 21 D.P.R. 241; *Cruz* v. *Sucn. Kuinlan,* 29 D.P.R. 877; *Oliver* v. *Oliver, Arvelo* v. *Banco Territorial, Solá* v. *Castro, González Rodríguez* v. *Fumero, Amy* v. *Sucn. Verges, y Monrozeau* v. *Amador,* supra.

■ El procedimiento ejecutivo en el caso de autos era absolutamente nulo. *Porto Rico Leaf Tobacco Co.* v. *Ereño,* 16 D.P.R. 100; *Cortés* v. *Díaz,* 31 D.P.R. 454; *Anaud* v. *Martínez,* 40 D.P.R. 669; *Blondet* v. *Benítez,* 33 D.P.R. 409; *Monrozeau* v. *Amador, García León* v. *Dávila,* supra, y otros casos.

■ La alegación décima de la demanda dice en parte lo siguiente:

"*Décimo:* Que del asiento de inscripción practicado en el Registro de la Propiedad de Guayama, como resultado de la escritura de venta judicial a que se ha hecho mención, aparece que la finca descrita en el párrafo cuarto de esta primera causa de acción fué vendida en subasta pública por el Márshal de la Corte de Distrito de Guayama, en procedimiento ejecutivo hipotecario, seguido ante la Corte de Distrito de San Juan por la Porto Rican Leaf Tobacco Co. . . ."

La contestación de la Porto Rico Leaf Tobacco Company contiene las siguientes admisiones:

"10.—Contestando el hecho 10 de dicha primera causa de acción, admite la demandada que del asiento de inscripción practicado en el Registro de la Propiedad de Guayama, como resultado de la escritura de venta judicial antes referida, aparece que la finca descrita en el párrafo cuarto de la primera causa de acción, fué vendida en pública subasta por el Márshal de la Corte de Distrito de Guayama, en procedimiento ejecutivo hipotecario, promovido ante la Corte de Distrito de San Juan por la Porto Rican Leaf Tobacco Company. . . ."

La contestación de los demandados Baltazar Mendoza, Fernando Mendoza, Rafael Osuna y Sucn. de Manuel Pérez y Díaz, contiene la misma admisión.

Los herederos de Modesto Munitiz negaron "por falta de suficiente información y creencia."

"que de haberse practicado algún asiento en el Registro de la Propiedad de Guayama de la finca en litigio, del mismo resulte que fuera vendida dicha finca por el márshal de Distrito de Guayama, en procedimiento ejecutivo seguido ante la Corte de Distrito de San Juan."

Los demandantes presentaron como prueba copia de la escritura otorgada por el márshal a favor de Modesto Munitiz, adquirente en la subasta. Esta escritura informaba ampliamente al comprador que la finca hipotecada estaba dentro del distrito judicial de Guayama y que había sido vendida en procedimiento ejecutivo sumario por orden de la Corte de Distrito de San Juan. El márshal no era "una persona que en el registro aparezca" con derecho o poder alguno para transferir la finca hipotecada. Modesto Munitiz no era un tercero. Sus herederos no están en mejor posición. Es lógico agregar que estos herederos, si entendemos la contestación, no invocan para sí la protección del artículo 34 de la Ley Hipotecaria.

Por lo tanto, la corte de distrito también cometió error al resolver que todos los demandados, con excepción de la

Porto Rico Leaf Tobacco Co., eran terceros, y, como tales, no estaban sujetos a las pretensiones de los demandantes.

Únicamente dos de los tres jueces que integraron la mayoría en el caso de *Sucesión Mandés* v. *Sucesión Agüero,* 43 D.P.R. 292, forman parte de la corte según está constituída ahora. Estos dos, el Juez Presidente Sr. Del Toro y el Juez Asociado Sr. Wolf que emitió la opinión en reconsideración en el caso de Mandés, están contestes en que no fué la intención de la mayoría revocar o modificar la doctrina del caso de *Anaud* v. *Martínez* y de los otros casos citados más arriba. El caso de *El Pueblo* v. *Riera,* y los en él citados, son fácilmente distinguibles del de Anaud o pueden considerarse como revocados por el de Anaud en tanto en cuanto pueden estar en conflicto con el mismo. Una lectura de las opiniones emitidas en los dos casos de *Gutiérrez Viuda de Crosas* v. *Longpré,* bastará para distinguirlos del de *Anaud* v. *Martínez* y del presente. Ninguno de los apelados, a excepción de la Porto Rico Leaf Tobacco Company, ha radicado alegato en el presente recurso. El penúltimo párrafo de la relación del caso y opinión emitida por el juez de distrito lee así:

"Resueltas las anteriores cuestiones que por sí solas son suficientes para declarar sin lugar la demanda presentada, se hace en un todo innecesario el entrar a considerar las demás defensas propuestas por los demandados, así como la contención establecida por los demandantes en cuanto a la nulidad e ineficacia del título ostentado por los demandados; siendo también improcedente el considerar la reconvención propuesta por la Porto Rico Leaf Tobacco Co. y las defensas especiales propuestas por la representación de Modesto Munitiz de defectos en el juramento de la demanda y defectos de partes demandadas."

Por éste y por otros motivos parece preferible que la corte de distrito considere primeramente las cuestiones especificadas en el extracto que acabamos de citar así como otras cuestiones no decididas por la corte de distrito ni discutidas adecuadamente aún en el alegato de la parte apelante.

La Porto Rico Leaf Tobacco Co. sostiene: que ella no era una parte necesaria ni apropiada; que en cuanto a ella la demanda no aduce hechos suficientes para determinar una causa de acción y no solitica sentencia en su contra. Podría admitirse que la compañía tabacalera no era una parte necesaria. Que no era una parte apropiada o que la demanda deja de aducir hechos suficientes para determinar una causa de acción en lo que a ella se refiere, en forma alguna es tan claro. Sin embargo, aparentemente la única razón para hacer figurar a la compañía tabacalera como demandada lo fué darle la oportunidad de ser oída y de alegar cualquier derecho o reclamación que pudiera tener para evitar cualquier cuestión relativa a defectos de partes y a fin de que los intereses de todas las partes interesadas pudieran ser resueltos en un solo pleito. Las cuestiones aquí envueltas no han sido debidamente desarrolladas en los dos alegatos que tenemos a la vista. Si se desea una oportunidad para desarrollar más los mismos, será considerada una moción de reconsideración.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.