Sucesión de Amador Trías Silva, Etc., demandante y apelada, *v.* Porto Rico Leaf Tobacco Co., la Sucesión de Modesto Munítiz, Etc., y Otros, demandados y apelante la segunda.

Núm. 8256.—*Sometido:* Junio 17, 1941. *Resuelto:* Julio 22, 1941.

*Luis Muñoz Morales* y *J. Vilá Ruiz,* abogados de la Sucn. Munítiz, apelante; *Antonio J. Amadeo,* abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La sucesión de Modesto Munítiz interpuso este recurso contra el pronunciamiento que condenó a los demandados, con excepción de Porto Rico Leaf Tobacco Co., a pagar solidariamente a los demandantes apelantes la cantidad de $5,000 por concepto de honorarios de abogado.

Los demás demandados no apelaron.

Sostiene la sucesión apelante que la corte *a quo* erró al hacer dicho pronunciamiento toda vez que no fueron ellos temerarios al oponerse a las pretensiones de los demandantes, y que en el caso de que este tribunal estime que lo fueron, cosa que ellos no admiten, la cantidad que por dicho concepto fué concedida es exagerada.

Como muy bien afirman los apelantes, el pronunciamiento de honorarios de abogado depende exclusivamente en que haya existido temeridad en la parte contra quien se hubiese dictado la sentencia, si bien al fijar su montante se toma en cuenta además del grado de culpa en el litigio, el trabajo necesariamente realizado por el abogado de la otra parte, en relación con el cual deben considerarse la naturaleza del litigio, las cuestiones envueltas, la duración del juició, el *standard* profesional de los abogados de una y otra parte, y la cuantía en controversia.

Conforme se alega en la demanda y declaró probado la corte sentenciadora, el 11 de mayo de 1896 don Amador Trías Silva constituyó hipoteca a favor de don Modesto Munítiz sobre una finca rústica radicada en el término municipal de Cayey, en garantía de un préstamo por la cantidad de 12,496 pesos, moneda provincial, hipoteca que fué cedida por Munítiz a Porto Rico Leaf Tobacco Co., por escritura de 14 de diciembre de 1906. El 20 de abril siguiente, la dueña del crédito promovió para su cobro una demanda en la Corte de Distrito de Guayama por el procedimiento sumario de la Ley Hipotecaria, pero estando el entonces juez de dicha corte incapacitado para conocer del asunto por hallarse en el caso previsto en el párrafo 2 del artículo 23 del Código de Enjuiciamiento Civil, ordenó su traslado para la Corte de Distrito de San Juan, la que no obstante radicar la finca en el distrito de Guayama, asumió jurisdicción y expidió el auto de requerimiento. A pesar de que el demandado Amador Trías Silva había fallecido en Cayey el 22 de

septiembre de 1900, el Márshal de la Corte de Distrito de San Juan diligenció el auto de requerimiento, certificando que el 12 de julio de 1907 había requerido de pago personalmente a Amador Trías en su domicilio en San Juan. Posteriormente se dictó la providencia de remate, siendo diligenciada por el Márshal de la Corte de Distrito de Guayama, vendiendo la finca en pública subasta y adjudicándola a Modesto Munítiz por la suma de $2,000, quien luego la vendió a Saturnino Pabón y éste a Manuel González Martínez, quien a su vez vendió una parcela de ella, compuesta de cuarenta cuerdas, a Manuel Pérez Díaz y el resto a Baltasar Mendoza, y así fué pasando por sucesivas transmisiones hasta llegar a los que la poseían al radicarse la demanda.

La falta de jurisdicción en la Corte de Distrito de San Juan para conocer del procedimiento sumario ejecutivo es manifiesta. No sólo carecía de jurisdicción por razón de la materia, si que aunque la hubiera tenido, tampoco la adquirió sobre la persona del demandado, quien aparecía requerido de pago personalmente siete años después de su fallecimiento. Este último defecto, claro es, no constaba del registro, pero sí constaba la nulidad del procedimiento por falta de jurisdicción sobre la materia, pues al practicarse la inscripción de la venta judicial a favor de Modesto Munítiz, se expresó el nombre del tribunal que había conocido del procedimiento y finalmente ordenado la venta de la finca, la que también constaba como radicada en el término municipal de Cayey, dentro del distrito judicial de Guayama.

Años después de celebrada la subasta, los demandantes, Sucesión de Amador Trías, radicaron la demanda sobre reivindicación de la finca de que ilegalmente habían sido privados y reclamaron los frutos por ella producidos y percibidos por los que sucesivamente la poseyeron. Se opusieron tenazmente los apelantes, negando en su contestación los hechos alegados en la demanda jurada, cuya existencia constaba en archivos públicos, y muchos de los cuales debieron constarles de propio conocimiento.

El hecho de que la corte sentenciadora, en el primer juicio, por un manifiesto error de derecho hubiese desestimado la demanda dando lugar a la revocación de la sentencia (*Sucn. Trías* v. *Porto Rico Leaf Tobacco Co.,* 50 D.P.R. 91), y a la celebración del nuevo juicio al cual no asistieron los apelantes, y que dió lugar a la sentencia en que se concedieron los honorarios de abogado, no impide que los apelantes sean considerados como litigantes temerarios, especialmente cuando se considera la manifiesta nulidad del procedimiento ejecutivo y la justicia de la reclamación.

Convenimos, sin embargo, con los apelantes, en que una condena de $5,000 por honorarios de abogado es excesiva, habida cuenta de la cuantía envuelta y de todos los otros elementos que deben considerarse para fijar su montante. Los propios demandantes valoraron la finca en la demanda de reivindicación en $7,200 y aunque reclamaron frutos, esa partida fué desestimada por no haberse presentado prueba alguna para sostenerla. Consideradas todas dichas circunstancias, opinamos que la cuantía de $1,000 constituye el valor razonable de tales honorarios.

Por lo expuesto y visto el artículo 339 del Código de Enjuiciamiento Civil, según fué enmendado por la ley núm. 69 de 11 de mayo de 1936 (pág. 352), *se modifica el pronunciamiento de honorarios de abogado que hiciera la corte inferior en su sentencia de 22 de abril de 1940, reduciéndolo de $5,000 a $1,000, y así modificado, se confirma.*